TRUYOL Y COMPAÑIA, DEMANDANTE Y APELANTE, *v.* WEST INDIA OIL COMPANY, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre daños y perjuicios.

No. 1685.—Resuelto en mayo 10, 1918.

DAÑOS Y PERJUICIOS—ESTUDIO DEL CASO DE VÉLEZ *v.* LLAVINA, 18 D. P. R. 667— DUEÑOS DE EMPRESA, SU RESPONSABILIDAD—CHAUFFERS.—La jurisprudencia establecida por esta Corte Suprema en el caso *Vélez* v. *Llavina*, 18 D. P. R. 667, no es la de que sólo existe responsabilidad para el dueño de un automóvil por los actos de su chauffeur cuando el automóvil forma parte de o constituye por sí solo una empresa de transporte público. Si el automóvil se usa dentro de los negocios de cualquier empresa y el chauffeur es un empleado de dicha empresa y causa el daño con ocasión del ejercicio de sus funciones, la empresa es responsable por los actos de su empleado, de acuerdo con dicha jurisprudencia y con los artículos 1803 y 1804 del Código Civil.

ID.—DEBIDA DILIGENCIA DE UN BUEN PADRE DE FAMILIA—ALEGACIÓN—PRUEBA.—

No habiéndose alegado expresamente ni probado que la demandada empleó la diligencia de un buen padre de familia en relación con este caso, no cabe aplicar la excepción establecida en el último párrafo del artículo 1804 del Código Civil.

Los hechos están expresados en la opinión.

Abogado de la apelante, *Sr. C. Domínguez Rubio.*

Abogados de la apelada: *Sres. Charles Hartzell* y *F. Ramírez de Arellano.*

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

Este es un pleito sobre daños y perjuicios. La demandante alegó en su demanda, los siguientes hechos: "1. Que Miguel Truyol y Compañía es una sociedad de comercio debidamente organizada de acuerdo con las leyes del país y domiciliada en Guayama; y la demandada es una persona jurídica a quien representa C. H. Wantzer, su agente especial en Puerto Rico. 2. Que la demandante Miguel Truyol y Compañía, es dueña de un camión de carga que destina a la conducción de provisiones y mercancías de las que vende dicha demandante en su mercantil, cuyo camión trafica especialmente entre Guayama y Cayey; lleva por número el 1770 de la matrícula de Puerto Rico, y allá para el día 8 de junio del año corriente era guiado por Adrián Carmona, chauffeur placa número 1216. La demandada es una compañía que se dedica a la venta de petróleo y sus productos; trafica por toda la Isla de Puerto Rico conduciendo los artículos que vende, y allá para el día 8 del mes de junio del corriente año era poseedora o le pertenecía o usaba en su negocio el camión de carga número 598 de la matrícula de Puerto Rico que manejaba Luis Santos, conocido por 'Pachacho,' chauffeur número 5220. 3. La demandante alega que el día 8 de junio del año en curso iba su camión con carga de su propiedad que conducía a Cayey; que muy cerca del barrio 'Jájome Alto' del Municipio de Cayey, en la carretera que de Guayama conduce a dicho municipio, fué divisado por el chauffeur de dicha demandante y demás empleados que

en él iban, el camión de la demandada a que antes nos referimos que venía en dirección contraria, es decir, de Cayey a Guayama, conduciendo artículos ·de los que la demandada vende, o en busca de ellos.   Que el chauffeur del camión de la demandante tomó inmediatamente su derecha a una distancia regular del otro carro y tocó su bocina para avisar al camión de la demandada que pudo verle perfectamente. Que antes de llegar el camión de la demandante a una curva cerca de la casilla del Gobernador en la citada carretera, y a pesar de que el chauffeur del camión de la demandante tocaba bocina, el camión de la demandada que venía a toda velocidad en una pendiente que hay en este sitio en vez de tomar su derecha fué lanzado negligentemente por el chauffeur que lo guiaba sobre el carro de la demandante que recibió todo el golpe en su parte delantera anterior izquierda, produciendo en el mismo las averías que se mencionan posteriormente.   4. La demandante alega que el chauffeur que conducía su camión lo hacía con diligencia, celo y cuidado; y que el chauffeur que conducía el camión de la demandada venía a gran velocidad y tuvo tiempo y oportunidad de evitar el choque ocurrido.   5. La demandante alega: que por consecuencia de dicho choque quedó inútil en aquel momento el carro de la demandante; que no pudo continuar su viaje, teniendo que aligerar la carga que conducía y llevarla en otra forma a su destino.   La demandante alega además que por consecuencia de dicho choque ha sufrido daños en su propiedad consistentes en lo que respecta al automóvil en lo siguiente: (Se especifican los daños ascendentes a $650.)''

La demandada excepcionó la demanda porque a su juicio no aducía hechos suficientes para determinar una causa de acción.   La excepción fué declarada sin lugar y entonces la demandada contestó la demanda, así:

''1. Que acepta el hecho primero de la demanda.   2. Que niega el hecho segundo de la demanda, por carecer de informes suficientes sobre los particulares allí contenidos, pero alega que la demandada posee un camión de carga privado, para su uso exclusivo, y que es

guiado por un chauffeur llamado Luis Santos (*a*) Pachacho. 3. Que niega el hecho tercero de la demanda en la forma en que está redactado, y a su vez alega que el 8 de junio del año en curso, iba el camión de la demandada por la derecha de la carretera y en dirección a Guayama, y en sentido contrario, o sea caminando hacia Cayey, venía el camión del demandante, por el centro de la carretera; que muy cerca del barrio Jájome Alto, y al doblar una curva el camión del demandante, debido a culpa y negligencia de quien lo guiaba, chocó con su parte delantera contra la parte posterior del camión de la demandada causándole la rotura de un rayo de la rueda izquierda de atrás. 4. Que niega el hecho cuarto de la demanda, y a su vez alega: que el accidente ocurrió por la exclusiva culpa y negligencia del chauffeur que dirigía el camión del demandante, y alega asimismo que el chauffeur de la demandada obró con celo y diligencia, realizando todos los actos necesarios para evitar el accidente. Que el camión de la demandada iba tocando su bocina, en cambio el camión del demandante no hizo señales de su aproximación, y venía a velocidad excesiva. 5. Que niega el hecho quinto de la demanda, y especialmente que haya causado daños al demandante en la cantidad de $650, ni en ninguna otra suma.''

Celebrada la vista, la corte de distrito declaró probados los hechos siguientes:

''1. Que la demandante es una sociedad mercantil residente en Guayama; y la demandada una corporación debidamente autorizada para negociar en la isla, dedicándose a la venta de petróleo; 2. Que la demandante es dueña de un camión automóvil licenciado con el Núm. 1770, y que dedica al transporte de las mercancías vendidas en su establecimiento. Y la demandada se dedica a la venta de petróleo en Puerto Rico, poseyendo otro camión automóvil, licencia Núm. 5.98, y que utiliza para la transportación de los productos que vende en la explotación de su negocio; 3. Que el día 8 de junio de 1916, y en la carretera que conduce de Cayey a Guayama, chocaron dichos camiones, estando el de la demandante guiado por el chauffeur Adrián Carmona, placa Núm. 1216, y el de la demandada por el chauffeur Luis Santos (*a*) Pachacho, placa Núm. 5220, apareciendo de la prueba que dichos chauffeurs son competentes y expertos en el manejo de automóviles. 4. Que dicho choque ocasionó al carro de la demandante los siguientes desperfectos: rotura del *crank case;* rotura de las dos sopandas delanteras; desnivelación del *chassis;* rotura del guardalodo izquierdo; rotura de la caja de aceite; des-

nivelación del *steering gear;* rotura del radiador; rotura del muelle del·*clutch.* Que con motivo de dicho choque y de los desperfectos antes mencionados, la demandante ha recibido los siguientes daños y perjuicios. Composición del *crank case,* $115.50. Reposición de las sopandas delanteras, $42. Nivelación del *chassis,* $10. Reposición del guardalodo izquierdo, $15. Caja de aceite, $5. Composición del *steering gear,* $5. Reposición· del muelle del *clutch* $1. Instalación de un nuevo radiador, $183.50. Mano de obra para montar las piezas y efectuar la reparación necesaria, $90. Costo de flete y cables, $31.69. Total $503.69. 5. Que al ocurrir el accidente, el camión de la demandante iba de Guayama para Cayey, subiendo, y el de la demandada venía de Cayey para Guayama, bajando, estando ambos cargados. Aparece de la prueba que el chauffeur de la demandante divisó al camión de la demandada a alguna distancia antes de entrar en la curva de la carretera donde ocurrió el choque, apareciendo asimismo de otra declaración que el camión de la demandada, antes de llegar al sitio de la ocurrencia, venía a alguna velocidad; que al encontrarse ambos camiones, el de la demandada trató de pasar por el lado del de la demandante, pudiendo pasar la parte delantera del auto-camión por el espacio que había entre el camión de la demandante y el borde de la carretera, pero al pasar la parte trasera del camión de la demandada, chocó con la parte delantera izquierda del camión de la demandante, causándole los desperfectos mencionados e hiriendo a Bautista Montañés, que iba parado cerca del tapalodo delantero izquierdo del carro de la demandante; que el choque ocurrió con la parte trasera de la caja del camión de la demandada, y la parte delantera del carro de la demandante. La forma como ocurió el choque y las partes averiadas·del carro de la demandante demuestran que existió descuido y negligencia por parte del chauffeur de la demandada al pasar por el lado del camión de la demandante, en la curva, sin la debida prudencia y cuidado, pues no tuvo en cuenta que estando en una curva las ruedas traseras de su carro habrían de trazar en la carretera un círculo menor que el descrito por las ruedas delanteras, esto es, las ruedas traseras en la curva habrían de pasar por un sitio más hacia el carro de la demandante que las ruedas delanteras, y de ahí por qué pudo pasar la parte delantera de su camión sin chocar y no la parte trasera, toda vez que siendo la caja de dichos carros de carga de cinco o seis metros de largo, y teniendo en cuenta el ancho de la carretera y el ancho de los dos camiones, el de la demandada, al tomar la curva, en la forma que lo hizo, a menos que se ejercitase gran cuidado, habría necesariamente de chocar

con la esquina izquierda delantera del carro de la demandante. La violencia del golpe y los desperfectos causados nos llevan a la conclusión de que el camión de la demandada iba a más velocidad de la que era prudente teniendo en cuenta las circunstancias en que se encontraban ambos carros, pues si hubiese ido al mínimum de la velocidad, hubiera podido detener instantáneamente la marcha de su carro y de haber ocurrido el choque el daño hubiera sido muy poco. Y de la prueba aparece que el camión de la demandada no detuvo su marcha sino después de haber pasado algunos metros del camión de la demandante. No hay duda alguna que del examen de esta prueba el choque ocurrió por culpa y negligencia del chauffeur de la demandada. 6. La parte demandante trató de probar que existían desperfectos en los frenos del carro de la demandada, pero dicha prueba sólo tendió a demostrar que en otros tiempos los frenos habían estado en malas condiciones, pero no se ha probado que el día del choque estuvieran inservibles o defectuosos para desempeñar su papel; también aparece de la prueba que tanto el chauffeur de la demandante como el de la demandada tienen algunos años de experiencia en su oficio y son competentes para ejercerlo.

No obstante haber declarado probado la corte de distrito, como hemos visto, que el choque se debió a la negligencia del chauffeur de la demandada y que por virtud de tal choque se ocasionaron a la demandante perjuicios por valor de $503.69, dictó sentencia desestimando la demanda porque a su juicio la corporación demandada, dueña del automóvil, no era responsable por los actos de culpa o negligencia de su chauffeur, de acuerdo con la jurisprudencia establecida en el caso de *Vélez* v. *Llavina,* 18 D. P. R. 656.

La demandante entonces interpuso el presente recurso de apelación, señalando la comisión de dos errores, a saber: 1, que la corte basó su sentencia en una defensa que no fué planteada por la demanda; y 2, que la corte interpretó erróneamente el artículo 1803, base de la acción de la demandante.

En verdad que basta analizar la contestación de la demandada para concluir que aceptó el debate en el terreno en que lo planteó la demandante, sin eludir responsabilidad alguna por los actos de su empleado. Negó que su chauffeur, hubiese sido negligente y alegó "que el acidente ocurrió por

la exclusiva culpa y negligencia del chauffeur que dirigía el camión del demandante."

Pero aceptando que por virtud de la excepción previa de la parte demandada sosteniendo que la demanda no aducía hechos suficientes para determinar una causa de acción, pueda levantarse la cuestión de si es o no responsable la demandada por los actos de su empleado, procederemos al estudio y resolución de la misma.

El artículo 1803 del Código Civil, dice: El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado." Y el 1804, expresa que "La obligación que impone el artículo anterior es exigible, no sólo por los actos u omisiones propios sino por los de aquellas personas de quienes se deba responder * * *. Lo son igualmente los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuvieran empleados, o con ocasión de sus funciones * * *.''

En el caso invocado por el juez sentenciador, *Vélez* v. *Llavina, supra,* esta Corte Suprema consideró ampliamente el alcance de los preceptos legales que dejamos transcritos. El siguiente párrafo de la opinión de la mayoría del tribunal, revela el criterio sustentado y aplicado por la corte:

"Así, pues, como entre los casos especificados en el artículo 1804 del Código Civil Revisado no se hace responsable al dueño de un automóvil o vehículo por actos de culpa o negligencia de su empleado como *chauffeur,* si no forma parte de una empresa, y esto último no se ha probado, hemos de concluir que el demandante no tiene causa de acción contra José Llavina, dueño del automóvil destinado a su servicio particular, que guiado por el *chauffeur* Juan Gonce, causó los daños de que se queja Pastor Vélez Toro."—*Vélez* v. *Llavina,* 18 D. P. R. 667.

Parece que la interpretación dada por la corte de distrito a la decisión de esta Corte Suprema en el repetido caso de *Vélez* v. *Llavina,* es la de que sólo existe responsabilidad

para el dueño de un automóvil por los actos de su chauffeur, cuando el automóvil forma parte de o constituye por sí solo una empresa de transporte público.

Si la interpretación es correcta, la será también la conclusión a que llegó la corte de distrito en este pleito, ya que es evidente que el camión de la demandada no formaba parte de, ni constituía por sí mismo una empresa de transporte público.

Pero esa interpretación lleva demasiado lejos la jurisprudencia establecida por esta corte.

Es cierto que en su opinión esta Corte Suprema dijo que para que el automóvil de Llavina pudiera considerarse como una empresa (18 D. P. R. 659), hubiera sido necesario que se dedicara habitualmente al negocio de conducir pasajeros transportando a cualquiera que le pagase el precio correspondiente, y que el hecho de alquilar el automóvil de su uso particular a determinados amigos y no a cualquiera persona, no lleva como consecuencia que tuviera un automóvil dedicado a la empresa de conducción de pasajeros; pero también lo es que tales palabras se expresaron al discutir la cuestión legal planteada por el apelante en su alegato de que el demandado tenía a la fecha del accidente una empresa de automóviles para la conducción de pasajeros, perteneciendo a dicha empresa el automóvil que causó el accidente por el cual reclamaba el demandante.

La palabra empresa surgió en el caso de *Vélez* v. *Llavina,* para considerarla en relación con un negocio de transporte de pasajeros y se resolvió que tal negocio no fué establecido por el demandado Llavina, quien poseía simplemente un automóvil para su uso particular.

La palabra empresa se usa en este caso concreto que estamos estudiando y resolviendo en relación con el negocio general de una compañía. ''La demandada,'' dice la misma corte de distrito, en sus conclusiones de hecho, ''se dedica a la venta de petróleo en Puerto Rico, poseyendo otro camión automóvil, licencia No. 598 y que utiliza para la transporta--

ción de los productos que vende en la explotación de su ne-
gocio.''.

A nuestro juicio este caso está comprendido claramente
dentro del radio de acción del párrafo del artículo 1804 re-
lativo a la responsabilidad de los dueños de empresas, que
dejamos copiado. El camión de que se trata era una parte
del todo en los negocios en la empresa demandada. El
chauffeur era un dependiente o empleado de la empresa en
esa rama de su negocio, y fué en ocasión en que ejercía sus.
funciones que ocasionó el daño de que se queja el demandante.
La responsabilidad de la empresa es exigible, por tanto, de
acuerdo con la ley.

En su opinión la corte de distrito dice también que es
aplicable la excepción que establece el propio artículo 1804
del Código Civil.

Dicha excepción está consignada en el último párrafo del
citado artículo y es como sigue: ''La responsabilidad de que
trata este artículo cesará cuando las personas en él mencio-
nadas prueben que emplearon toda la diligencia de un buen
padre de familia para prevenir el daño.''

No obstante no haberse alegado esta defensa por la parte
demandada, ni haberse presentado prueba alguna tendente
especialmente a demostrarlo en el acto de la vista, el juez
sentenciador deduce su existencia de la propia declaración
del chauffeur, de la demandada quien manifestó que hacía
once años que trabajaba como chauffeur, cuatro de ellos en
camiones de carga.

Bajo tales circunstancias no cabe aplicar la exención en
favor de la demandada. No fué alegada como debió haberlo
sido, expresamente; ni la prueba que existe es bastante para
concluir que la demandada empleó en relación con este caso
toda la diligencia de un buen padre de familia.

Estudiadas y resueltas las anteriores cuestiones, resta
sólo examinar la prueba. Fué contradictoria en cuanto al
hecho de si el choque se debió a la negligencia del chauffeur
de la demandada o a la del de la demandante. El conflicto

se decidió por la corte de distrito en contra de la demandada y habiendo examinado por nosotros mismos toda la evidencia, nos parece enteramente correcta la conclusión del tribunal sentenciador. También nos parece correcta su conclusión en cuanto a la prueba de los perjuicios realmente causados.

Por virtud de todo lo expuesto opinamos que debe declararse con lugar el recurso, revocarse la sentencia apelada y en su lugar dictarse otra ordenando a la demandada que pague a la demandante la suma de $503.69, sin especial condenación de costas.

> *Revocada la sentencia apelada y condenada la demandada a pagar la suma de $503.69, sin costas.*

Juez concurrente: Sr. Asociado Hutchison.

El Juez Asociado Sr. Wolf firmó "conforme con la sentencia."

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron en la resolución de este caso.