ROMÁN, DEMANDANTE Y APELANTE, *v.* VÁZQUEZ, DEMANDADO Y APELADO.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre indemnización por seducción.

No. 2453.—Resuelto en julio 14, 1921.

DERECHOS CIVILES—VOLUNTAD LEGISLATIVA—LIMITACIÓN CONSTITUCIONAL—El Código Civil no es la única fuente de los derechos civiles, sino que deberá prevalecer la voluntad de la Legislatura donde y como quiera que haya sido expresada a menos que exista alguna limitación constitucional. Al ser aprobado el Código de Enjuiciamiento Civil no existía tal limitación en la Ley Orgánica y en dicho código se confirieron por primera vez varios derechos de acción.

ID.—PARTES EN ACCIONES CIVILES—SEDUCCIÓN—ACCIÓN EX DELICTO.—El padre, o si éste hubiese muerto o abandonado a su familia, la madre, podrá deducir

una acción como demandante por la seducción de una hija que no hubiese llegado a su mayoría de edad. La acción es *ex delicto* y no está comprendida en los principios que regulan las acciones *ex contractu*.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Mercader.*

Abogado del apelado: *Sr. J. R. Aponte.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La sentencia apelada surgió por virtud de una excepción formulada a la demanda, la cual es como sigue:

"1. Que demandante y demandado son mayores de 21 años, siendo la primera madre con *patria potestad* sobre su hija menor, huérfana de padre, Julia Adorno, y ambos son vecinos de Arecibo.

"2. Que el demandado llevó relaciones amorosas por algún tiempo con la hija menor de la demandante, Julia Adorno, y en 6 de diciembre de 1919, en Arecibo, el demandado, valiéndose de reiteradas e insistentes promesas de matrimonio, consiguió tener comercio carnal· con su repetida hija menor de edad, Julia Adorno, quien para dicha fecha era una niña de diez y siete años de edad, soltera y de excelente buen nombre y reputada por pura y de intachable carácter casto, siendo el demandado igualmente en el expresado tiempo, de estado soltero.

"3. Que el referido demandado luego de seducir a su referida hija, no la honró casándose con ella, sino por el contrario al amparo de su ascendiente amoroso sobre ella, la ilusionó maliciosa, dolosa e ilegalmente, ofreciéndole a espaldas de la demandante innumerables ventajas para conseguir su desmoralización y obtener que silenciara e intentase variar el curso de los acontecimientos verídicos que acusaban su maldad y su delito.

"4. Que la mencionada hija menor de la demandante Julia Adorno, a causa de los actos ilegales referidos cometidos por el demandado, ha sufrido en su reputación, no le ha sido posible obtener un matrimonio en buenas condiciones, y ha sufrido moralmente de un modo intenso secuela de la burla incorrecta del hombre que le ofreció su amor para engañarla, y con todo lo cual le ha causado daños y perjuicios que la demandante estima en una suma no menor de seis mil dollars.

"En tal virtud de la corte solicitamos se sirva dictar sentencia condenando al demandado Bruno Vázquez, seductor de Julia Adorno, a que pague a la demandante para su mencionada hija, la suma de

seis mil dollars por daños y perjuicios causádoles, y que sea conde-nado además, a pagar los gastos, costas, incluyendo honorarios de abogado de la demandante.''

La corte declaró con lugar la excepción previa sosteniendo que si bien los artículos 58 y 59 del Código de Enjuiciamiento Civil conferían un derecho de accion a la mujer soltera se-ducida, o a su padre o madre, tal ley era adjetiva y debía acudirse al Código Civil; que el artículo 1059 del Código Civil como fué enmendado por la ley de marzo 10, 1904, limi-taba las obligaciones civiles por delitos o faltas a las dispo-siciones del Código Civil; que el derecho a resarcimiento conferido por el artículo 44 del antiguo Código Civil español no fué transcrito en el Código de Puerto Rico, y que por tanto, estamos limitados al artículo 1803 de dicho Código Civil; que tal sección era la única susceptible de poder ser invocada y que los daños y perjuicios allí expresados son siempre extracontractuales por seducción bajo promesa de matrimonio que surgen *ex contractu;* que la acción no pro-cedía además porque la demandante tenía diez y siete años de edad y esta corte ha resuelto en el caso de *Martí* v. *Rivera,* 27 D. P. R. 391, que cuando había consentimiento la menor debe tener menos de catorce años para que tenga un derecho de acción por seducción.

Convenimos con la apelante que en ese caso esta corte no resolvió que cuando se alegaba una promesa de matri-monio y de seducción, no procedería una acción si la mujer era mayor de catorce años. No se alegó en ese caso que la seducción tuvo lugar bajo promesa de matrimonio y además el caso fué resuelto sobre un conflicto de prueba respecto a si había habido algún engaño puesto en práctica por el acusado.

La corte incurre en error al declarar que un derecho no puede ser creado en un Código de Enjuiciamiento Civil, o que el Código Civil es la única fuente de los derechos civiles. Eso podría ser un sistema ideal, pero es la voluntad de la

Legislatura la que ha de prevalecer donde quiera y como quiera que haya sido expresada, por lo menos hasta que alguna limitación en la forma de sus leyes se establezca por una constitución, como la limitación contenida en nuestra actual Ley Orgánica. Un derecho sustantivo frecuentemente se confiere por una fuente tan inesperada como una Ley de Presupuesto, aunque ese resultado se hace ahora imposible por la presente Ley Orgánica. En 1904 cuando el Código de Enjuiciamiento Civil empezó a regir no había limitación parecida en la Ley Orgánica. En ese código mismo varios derechos de acción se confieren por primera vez. El título XI se titula ''De las Acciones en Casos Especiales,'' y empezando con una por estorbo (*nuisance*) se determinan numerosas acciones. En tiempos de España una acción criminal llevaba consigo la civil, de modo que en realidad la idea de un resarcimiento no estaba limitada a los términos del Código Civil. El artículo 1059 del Código Civil como fué enmendado y que ha sido citado por la corte, fué anterior en sus efectos al Código de Enjuiciamiento Civil, última expresión legislativa. Sin embargo, no encontramos nada en ese artículo que establezca una limitación al derecho de una Legislatura para crear nuevas acciones fuera del dominio del Código Civil aún cuando una Legislatura pudiera obligarse ella misma o a una Legislatura subsiguiente. El artículo 1059 dispone lo siguiente:

''Artículo 1059.—Las obligaciones civiles nacidas de los delitos o faltas se regirán por las disposiciones de este Código.''

Los artículos 58 y 59 del Código de Enjuiciamiento Civil prescriben lo siguiente:

''Artículo 58.—Una mujer soltera puede deducir, como demandante, una acción por haber sido seducida, y para obtener por medio de dicha acción el importe de los daños pecuniarios o ejemplares que se decretasen a su favor.''

''Artículo 59.—Un padre, o si éste hubiese muerto o abandonado a su familia, la madre, podrá deducir una acción como demandante

por la seducción de una hija que no hubiese llegado a su mayoría de edad al ocurrir la seducción, y asimismo podrá el tutor deducirla por la seducción de una pupila menor de edad al ocurrir la seducción, aunque la hija o pupila no viviese con el demandante, ni estuviese a su servicio al tiempo de la seducción o después de ella, ni mediare pérdida de servicios.''

Estos artículos han sido copiados de un Capítulo sobre las Partes en Acciones Civiles, y la intención de la Legislatura de establecer una nueva causa de acción tal vez no es tan clara como podría serlo, pero las palabras textuales allí contenidas son como sigue:

''Un padre, o si éste hubiese muerto o abandonado a su familia, la madre, podrá deducir una acción como demandante por la seducción de una hija. * * * ''

Que es lo que constituye seducción es otra cuestión, pero cuando existe una previa promesa de matrimonio la seducción se infiere más fácilmente.

Además, en cuanto al significado del Código Civil la tendencia general de las decisiones de esta corte es interpretar liberalmente las disposiciones de los artículos 1059 y 1803 del Código Civil. Hablando en rigor la acción es una por seducción siendo la promesa de matrimonio solamente una circunstancia concomitante para hacer precisa la seducción. Por tanto la acción es *ex delicto* y no cae dentro de los principios de una *ex contractu* como ha sugerido la corte inferior.

La sentencia apelada debe ser revocada debiendo concederse diez días al demandado para formular su contestación.

*Revocada la sentencia apelada y concedido al demandado un término de diez días para formular su contestación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.