Luis Izquierdo, demandante-apelante, *v.* Celestino Andrade, demandado-apelado.

No. 4788.—*Sometido:* Enero 30, 1929. *Resuelto:* Julio 16, 1929.

*E. Martínez Rivera*, abogado del apelante; *Adrián Agosto*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La corte inferior sostuvo una excepción previa a la demanda en una acción por daños y perjuicios con motivo de un accidente de automóvil ocasionado por la negligencia del *chauffeur* empleado por el demandado, un comodatario. El demandante declinó enmendar su demanda, y apela de una sentencia desestimándola.

La excepción previa era por falta de hechos suficientes para determinar una causa de acción. Los únicos defectos mencionados por el juez de distrito son los de no hacerse parte demandada al dueño del vehículo, ni alegarse que estuviera en él al ocurrir el accidente; que el demandado no era el dueño del carro ni se alegaba que iba en él; y que no se alegó que el automóvil fuera público.

El dueño no era una parte necesaria, y su presencia en el carro al ocurrir el accidente no era un factor esencial en la causa de acción del demandante. El que se dejara de alegar que el demandado era el dueño del carro, o que estaba presente al tiempo del suceso, no es un defecto fatal. La propiedad de una "empresa" en relación con la cual se utiliza un vehículo, y no la propiedad del carro, es lo que determina la responsabilidad del demandado por los daños y perjuicios ocasionados por la negligencia de un empleado, de acuerdo con el artículo 1804 del Código Civil, según fué interpretado por la mayoría de este Tribunal en *Vélez* v. *Llavina*, 18 D.P.R. 684, y casos posteriores. La responsabilidad de un demandado, ya sea dueño o comodatario, no siempre depende del carácter público del carro. La cuestión puede ser la de si se usa o no para fines de negocios, o en relación con una empresa. *Truyol & Co.* v. *West India Company*, 26 D.P.R. 361; *Candal* v. *Sociedad Auxilio Mutuo*, 37 D.P.R. 874.

En el presente caso el demandante alega que el demandado lo tomó prestado el carro en cuestión al dueño, y lo había puesto a cargo del empleado del demandado, Reye Ríos Cabán, un *chauffeur* autorizado, para que llevara a la esposa del demandado y un pariente de él de San Juan a Arecibo y de Arecibo a San Juan, a fin de que la esposa del demandado pudiera llevar a cabo ciertas gestiones en beneficio y provecho del demandado; que el agente del demandado efectuó el viaje como su *chauffeur* y en cumplimiento de sus órdenes e instrucciones, llevando en el carro a la esposa del demandado tal y como éste le instruyó y autorizó; que la esposa fué a Arecibo a cumplir con las órdenes recibidas por ella de su esposo, el demandado,—órdenes que redundarían en beneficio y provecho del demandado, al ser debidamente cumplidas; que al ocurrir el accidente, el automóvil estaba bajo el control y dirección del demandado, quien lo había tomado prestado a su dueño, y estaba siendo guiado en aquellos momentos por el agente del demandado, Reye Ríos Cabán, a quien el de-

mandado le había encomendado transportar a su esposa a Arecibo y desde esa ciudad, y que la esposa del demandado regresaba de Arecibo después de haber hecho las gestiones para las cuales el demandado la envió a la ciudad de Arecibo.

La mayoría de este tribunal es claramente de opinión que los hechos alegados no indican que el demandado fuera el dueño de ''un establecimiento o empresa,'' dentro del significado del artículo 1804 del Código Civil, tal como fué interpretado en el caso de *Truyol* v. *West India Company,* y *Candal* v. *Sociedad Auxilio Mutuo, supra.* El Juez que suscribe se adhiere a la conclusión a que llegó en su memorándum original, como sigue:

''Es una inferencia lógica de los hechos bosquejados en el párrafo anterior que el demandado se dedicaba a un negocio, que envió su esposa y *chauffeur* en gestiones de negocios, y que el carro fué usado en relación con el negocio del demandado y en llevar a cabo un asunto mercantil o una empresa al ocurrir el accidente. La palabra empresa es un término elástico, y debe ser interpretado liberalmente, en bien de la justicia substancial. Si una persona envía su agente por la isla en relación con su negocio, y para fines de beneficio y provecho propios, ella está empeñada en una aventura de negocios o en una empresa, y es el empresario o dueño de esa empresa.''

En lo que concierne al resultado del presente caso, esta diferencia de criterio no es muy importante. Los fundamentos sobre los cuales la corte inferior mantuvo la excepción previa son insostenibles, pero desde el punto de vista adoptado por la mayoría de este tribunal la resolución en sí era correcta. Dentro de las circunstancias estamos todos de acuerdo en que debe dársele al demandante la oportunidad de enmendar.

*Debe revocarse la sentencia apelada y debe enmendarse la resolución declarando con lugar la excepción previa en el sentido de permitir una enmienda a la demanda dentro de diez días de radicado el mandato en la corte inferior; y así modificada se confirma.*

942

### En Moción de Reconsideración

*Julio 23, 1929.*

█ El apelante solicita la reconsideración por el fundamento de que el presente caso debe regirse por el artículo 60 del Código de Enjuiciamiento Civil y no por el 1804 del Código Civil. Hubo alguna argumentación respecto a este extremo en el alegato y durante la vista, pero tal como se presentó la cuestión no se precisó una discusión seria. Los únicos casos en que se descansaba fueron y son *Román* v. *Vázquez*, 29 D.P.R. 791, y *Orta* v. *P. R. Railway, Light & Power Co.*, 36 D.P.R. 743. No estamos preparados por el momento para resolver que el artículo 60 del Código de Enjuiciamiento Civil establece una nueva regla de *respondeat superior*. La opinión en el caso de *Orta* v. *P. R. Railway, Light & Power Co.* tiende a sostener el criterio contrario y no está en conflicto con nada de lo dicho en el caso de *Román.*

*Debe declararse sin lugar la moción.*