MARCIAL CASILLAS, demandante y apelante, *v.* JOSÉ RENGEL y LUIS RENGEL, demandados y apelados.

Núm. 7125.—*Sometido:* Abril 20, 1937. *Resuelto:* Mayo 28, 1937.

*M. Benítez Flores,* abogado del apelante; *Juan B. Soto* y *Enrique Igaravídez,* abogados de los apelados.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Éste es un caso de daños y perjuicios ocasionados al guiar negligentemente un automóvil, seguido contra el dueño del automóvil—José Rengel—y contra la presona que lo manejaba en el momento del accidente—Luis Rengel.

El demandado José Rengel excepcionó la demanda por falta de hechos e indebida acumulación de partes. Y el demandado Luis Rengel archivó una moción eliminatoria y otra sobre especificación de particulares.

La corte declaró con lugar las excepciones del demandado José Rengel y habiéndole pedido el demandante que dictara sentencia, así lo hizo declarando la demanda sin lugar en cuanto al demandado José Rengel. Y fué contra esa sentencia que interpuso el demandante el presente recurso de apelación.

En su alegato señala el apelante dos errores, a saber: los cometidos a su juicio por la corte al declarar con lugar las excepciones previas y al dictar la sentencia. Serán estudiados y resueltos conjuntamente porque en verdad envuelven una sola cuestión.

 Los motivos que tuvo la corte sentenciadora para declarar con lugar las excepciones previas, fueron:

"Hemos examinado la demanda y entendemos que tiene razón el demandado. De la faz de la demanda aparece que dicho demandado es dueño del automóvil que causó el daño que alega haber sufrido el demandante; pero no aparece que dicho demandado fuese en el automóvil en el momento en que ocurrió el accidente. *Vélez* v. *Llavina*, 18 D.P.R. 656; *Izquierdo* v. *Andrades*, 39 D.P.R. 938.

"No puede tampoco sostenerse que existe causa de acción contra el demandado por el hecho de que él prestara su automóvil a una persona no autorizada para manejar vehículos de motor, pues para que un demandado sea responsable en daños y perjuicios por actos de negligencia es necesario que su negligencia sea la causa próxima del daño. En este caso la causa próxima del accidente según aparece de la demanda, es la manera negligente en que el automóvil en cuestión fué guiado por el demandado Luis Rengel. La falta de licencia para manejar automóviles de Luis Rengel no es la causa próxima del accidente. Tampoco puede serlo el prestar el automóvil a una persona no autorizada para manejar vehículos de motor.

"No existiendo causa de acción contra José Rengel, indudablemente que existe indebida acumulación de partes demandadas, pues dicho demandado no debió haber sido hecho parte demandada en esta acción."

Sostiene el apelante en su alegato que las situaciones jurídicas que surgieron en los casos que invoca la corte sentenciadora—*Vélez* v. *Llavina*, 18 D.P.R. 656 e *Izquierdo* v. *Andrades*, 39 D.P.R. 938—eran distintas a la que surge del presente. Ello en parte es así, pero la ley que interpretan y la jurisprudencia que establecen guardan estrecha relación con los hechos y las circunstancias que en este caso concurren.

Como se trata de excepciones previas, nos referiremos a las exactas palabras de la demanda expresivas de la relación del dueño del automóvil con la persona que causó el accidente al manejarlo. Son así:

"3. Que en el momento de ocurrir el accidente, el automóvil del demandado José Rengel, iba manejado por el otro demandado Luis Rengel, quien no estaba entonces autorizado para manejar vehículos de motor, habiendo cogido prestado el referido automóvil a su men-

cionado hermano, el otro demandado José Rengel, y dicho José Rengel, a sabiendas de que su hermano, el otro demandado no estaba autorizado para manejarlo, con extraordinario descuido y grosera negligencia consintió en prestar y prestó el referido automóvil a su hermano Luis Rengel, permitiendo así, a sabiendas, que dicho automóvil fuera conducido ilegalmente.''

Luis Rengel no era empleado de José Rengel. No existe, pues, en este caso, la relación de patrono y empleado. Tampoco se trata de una empresa, ni de alguna misión del dueño cuya realización se encomendara a la persona que guiaba el automóvil. El dueño no iba dentro del automóvil. Sólo existe la relación de comodante y comodatario entre ambos demandados. ¿Prohibe la ley al dueño de un automóvil prestarlo a otra persona? ¿Tiene el dueño del automóvil al prestarlo el deber de cerciorarse de que va a ser manejado por persona legalmente autorizada para ello?

A nuestro juicio la ley no prohibe el préstamo ni contiene tal exigencia. Del hecho de que el automóvil se preste a una persona que no tiene licencia para manejarlo, no se deduce necesariamente que va a ser guiado por esa misma persona. Tal persona puede encomendar el manejo a otra debidamente autorizada. El párrafo de la demanda que dejamos transcrito está redactado en forma tal que parece que quiere alegar que el demandado José Rengel sabía que el automóvil iba a ser guiado por su hermano el otro demandado Luis Rengel, pero tal alegación no se hace en la forma clara y precisa que la buena práctica exige y se trataba de una demanda enmendada.

Invoca el apelante como ''última cuestión'' en su alegato los artículos 2 (a) y 5 (a) y (k) de la Ley de Automóviles núm. 75 de 1916 (pág. 144), que prescriben:

''Artículo 2(a).—Será ilegal el manejar cualquier vehículo de motor en un camino público de Puerto Rico sin tener licencia para ello, expedida por el Comisionado del Interior. . .''

''Artículo 5(a).—Ninguna persona podrá manejar un vehículo de motor en Puerto Rico sin que se le haya expedido licencia al efecto por el Comisionado del Interior. . .''

"Artículo 5 (k).—Ninguna persona permitirá que un vehículo de motor de su propiedad o que esté bajo su gobierno sea manejado por persona que no esté legalmente autorizada para hacerlo o en contravención de las disposiciones de esta Ley, y ninguna persona tomará a su servicio a un *chauffeur* para manejar su automóvil, sin antes cerciorarse de que posee una licencia adecuada."

Y sostiene que habiendo permitido el demandado José Rengel a su hermano el otro demandado Luis Rengel manejar su vehículo de motor sin estar legalmente autorizado para ello, en contravención de la ley, ambos demandados infringieron ésta y son igualmente responsables.

Aparte de que las disposiciones legales citadas son de naturaleza penal y aquí se trata de una responsabilidad civil, no encontramos como ya dejamos expuesto que en la demanda se alegue de modo claro y preciso que José Rengel prestó su automóvil a Luis Rengel para que Luis Rengel lo guiara.

*Por virtud de todo lo expuesto debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.