CANDELARIO RIVERA SERRANO, demandante y apelado, *v.* DR. R. MEJÍAS RUIZ y GREAT AMERICAN INDEMNITY CO., demandados y apelantes.

Núm. 8561.—*Sometido:* Marzo 15, 1943. *Resuelto:* Mayo 18, 1943.

*Francis & Belaval,* abogados de los apelantes; *F. González Fagundo* y *F. González, Jr.,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Éste es un pleito sobre daños y perjuicios. Se pidió sentencia condenando a los demandados a pagar solidariamente por tal concepto al demandante la suma de mil dólares. La corte, celebrado el juicio, condenó al demandado Mejías a pagar al demandante ciento cincuenta dólares a cobrarse solamente de la participación, derecho o interés que tuviere sobre los bienes de la sociedad de gananciales formada en-

1

tre dicho demandado y su esposa Carmen Troche y condenó a la otra demandada Great American Indemnity Co. a pagar al demandante ciento cincuenta dólares, disponiendo que al pagarlos, el demandado Mejías quedaría exento de responsabilidad. Contra esa sentencia se entabló el presente recurso de apelación.

En la demanda se alega sustancialmente que el demandado Mejías era el dueño de un automóvil marca Lincoln Zephyr y que la demandada Great American era una compañía de seguros autorizada para hacer negocios en Puerto Rico; que Mejías estaba casado con la doctora Carmen Troche, siendo el automóvil un bien de la sociedad de gananciales; que dicho automóvil estaba asegurado contra accidentes por la Great American habiéndose ésta obligado a responder por Mejías de los daños que se causaran con cualquier accidente ocasionado por el automóvil hasta las sumas de cinco y diez mil dólares; que el 25 de agosto de 1941 el automóvil era conducido por Reina, un empleado de Mejías, yendo dentro del mismo la esposa de Mejías; que al llegar al kilómetro 27 de la carretera que de Humacao conduce a Las Piedras en dirección a Humacao, arrolló al demandante, quien estaba de espaldas y en su derecha, ocasionándole golpes, quedando en estado de inconsciencia; que el accidente se produjo porque el chófer guió el carro de una manera descuidada y negligente, a excesiva velocidad, sin dar aviso, a pesar de que el sitio era uno donde frecuentemente se reunían muchas personas; que a consecuencia de los golpes, el demandante fué recluído por quince días en la clínica Font Martelo, de Humacao, recibiendo tratamiento médico y sufriendo intensos dolores físicos y angustias mentales; que antes del accidente trabajaba como carpintero ganando tres dólares diarios y a consecuencia del estado en que quedó por razón del accidente se vería obligado a dejar de trabajar por tres meses, y que había sufrido perjuicios por valor de mil dólares.

Emplazados los demandados presentaron una moción para eliminar y pidieron especificación de particulares. Se opuso el demandante y la corte desestimó la moción eliminatoria y declaró con lugar en parte la petición. Excepcionaron entonces los demandados la demanda por falta de hechos determinantes de causa de acción. La excepción se declaró sin lugar. Contestaron.

En su contestación aceptaron que el automóvil era de Mejías y negaron que fuera de la sociedad de gananciales que tenía constituída con su esposa; aceptaron que estaba asegurado pero negaron que por el contrato la Great American se obligare a responder por Mejías o por cualquiera otra persona de los daños que se causaren en cualquier accidente ocasionado por el automóvil, alegando en contrario que solamente se obligó a responder al Dr. Mejías por cualesquiera daños por los cuales él fuere responsable legal y personalmente; negaron que el 25 de agosto de 1941 el automóvil fuera conducido por el chófer Reina como empleado de Mejías y aceptaron que dentro del mismo iba la esposa de éste; negaron la ocurrencia del accidente y la negligencia del chófer, y negaron los daños reclamados.

Como defensas especiales alegaron que la demanda no aducía hechos determinantes de causa de acción, y que si el accidente ocurrió, se debió únicamente a la negligencia del demandante que caminaba por la carretera en estado de embriaguez y en forma tan descuidada que fué arrollado inevitablemente.

Planteado el debate en esos términos, fué el pleito a juicio y, como resultado del mismo, la corte declaró probado que el automóvil pertenecía a la sociedad de gananciales constituída entre Mejías y su esposa; que ésta iba en él cuando ocurrió el accidente y que el accidente, que ocasionó al demandante daños que valora en trescientos dólares, se debió a la negligencia del chófer, y considerando que la acción no se dirigió contra la sociedad de gananciales si que

contra Mejías personalmente y su aseguradora, dictó sentencia en los términos que conocemos.

Los apelantes piden su revocación alegando que la corte erró al declarar sin lugar la excepción previa, al apreciar la prueba y al interpretar la ley aplicable.

■■ ¿Se trata de una acción ejercitada contra Mejías o contra la sociedad de gananciales de que forma parte? Bien sea lo uno o lo otro, atendido el estado de la ley y la jurisprudencia en Puerto Rico al tiempo del accidente, nos vemos obligados a resolver que asiste la razón a los apelantes y en tal virtud a revocar la sentencia.

No se trata de una empresa. En su consecuencia sólo yendo su dueño en el automóvil cuando ocurrió el accidente, podría exigirse de él y de su aseguradora que indemnizaran los daños por el mismo ocasionados. Art. 1803 del Código Civil (ed. 1930); art. 17, Ley Automóviles, 1916; *Vélez* v. *Llavina,* 18 D.P.R. 656, 667; *Alicea* v. *Aboy,* 23 D.P.R. 108; *Truyol y Compañía* v. *West India Oil Co.,* 26 D.P.R. 361; *Izquierdo* v. *Andrade,* 39 D.P.R. 938; *Izquierdo* v. *Andrade,* 44 D.P.R. 727, 737.

Si la acción se dirigió contra Mejías individualmente como estimó la corte sentenciadora, no puede prosperar porque Mejías de acuerdo con las alegaciones y la prueba no iba en el auto cuando ocurrió el accidente. Y si se dirigió contra la sociedad de gananciales dueña del auto, tampoco, porque el hecho de que fuera en el automóvil la esposa, no implica la presencia de su dueño en el mismo ya que, según dispone la ley, la sociedad la representa el marido, que es su administrador. Art. 1312 del Código Civil (ed. 1930).

Por más esfuerzos que se hagan—y muchos hizo en verdad en las dos opiniones que emitiera el ilustrado juez sentenciador—no es posible escapar a esas conclusiones. *Debe, por tanto, prosperar el recurso, revocándose la sentencia apelada y dictándose otra desestimando la demanda con las costas.*