FRANCISCA TORRES, conocida por PANCHITA o PANCHOLA TORRES, mediante su madre con patria potestad ESPERANZA TORRES VDA. DE TORRES, demandante y apelante, *v.* LUIS MALDONADO SANTIAGO, demandado y apelado.

Núm. 9040.—*Sometido:* Noviembre 28, 1944. *Resuelto:* Febrero 5, 1945.

*Frank Torres,* abogado de la apelante; *Raúl Matos,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La demanda en este caso sobre daños y perjuicios por seducción fué radicada en la Corte de Distrito de Ponce el 1ro. de diciembre de 1943. En ella se alega que el demandado, bajo promesa de matrimonio sedujo a la demandante el 3 de julio de 1942. Inició la acción la madre bajo el artículo 59 del Código de Enjuiciamiento Civil, por haber fallecido el padre de la demandante que es menor de edad. El demandado interpuso una excepción previa alegando que,

de la faz de la demanda, aparecía que la acción había prescrito. La corte inferior declaró con lugar la excepción previa y dictó sentencia desestimando la demanda. La demandante apeló y sostiene en este recurso que la corte sentenciadora erró al resolver que la acción de daños y perjuicios por seducción está comprendida dentro del término prescriptivo de un año provisto en el apartado 2 del artículo 1868 del Código Civil [1] y arguye en contrario que dicho término debe computarse de acuerdo con el artículo 1864 del mismo cuerpo legal que dispone que: "La acción hipotecaria prescribe a los veinte años y las personales que no tengan señalado término especial de prescripción, a los quince."

En el caso de Román v. Vázquez, 29 D.P.R. 791, citado por la corte inferior, se resolvió que en estas acciones de daños y perjuicios por seducción la promesa de matrimonio es "solamente una circunstancia concomitante para hacer precisa la prescripción. Por tanto la acción es ex delicto y no cae dentro de los principios de una ex contractu. . .".

Esto no obstante y sin citar autoridad alguna que sostenga su contención, la apelante en su alegato se limita a argumentar que estas acciones deben considerarse como una consecuencia del incumplimiento de la promesa de matrimonio por el demandado y por tanto, de naturaleza ex contractu.

No tiene razón la apelante. En el caso de Aponte v. Alonso, 46 D.P.R. 549, resolvimos, copiando del sumario que "En acción de daños y perjuicios por seducción, la perjudicada no está necesariamente limitada a probar la promesa de matrimonio. Su esfera de acción es más amplia, ya que puede probar, aunque no exista la referida promesa, que fué inducida mediante artificios, engaños o maquinaciones del

---

[1] Artículo 1868 del Código Civil: "Prescriben por el transcurso de un año:

"1. . .

"2. La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1802 desde que lo supo el agraviado."

seductor. Sin embargo, la promesa de matrimonio, cuando existe y se ha realizado el acto bajo su exclusiva influencia, es suficiente para constituir una causa de acción. El comercio carnal por sí sólo no es bastante, pero sí lo es, cuando es la consecuencia de la promesa de matrimonio.''

La acción criminal se diferencia de la civil en el hecho esencial de que, de acuerdo con el artículo 261 del Código Penal, el delito de seducción, para existir, tiene siempre que haber sido cometido bajo promesa de matrimonio, mientras que los artículos 58 y 59 del Código de Enjuiciamiento Civil no limitan la acción por seducción al hecho de que ésta haya sido consecuencia única de una promesa de matrimonio.

En cuanto al término prescriptivo de estas acciones civiles, en el caso de *Ortiz* v. *Viera*, 59 D.P.R. 358, interpretando el apartado 2 del artículo 1868 del Código Civil, supra, en relación con el artículo 1869, del mismo Código, resolvimos que era el de un año, debiendo empezarse a contar dicho término, bien desde que ocurrió el primer acto carnal entre las partes o desde que terminaron las relaciones entre ellos, de acuerdo con los hechos alegados y probados en cada caso específico. El caso de Ortiz contiene una extensa discusión sobre la materia en la cual se citan las autoridades pertinentes y consideramos innecesaria repetirla aquí.

La demanda en el caso de autos contiene la alegación de un solo acto carnal realizado el día 3 de julio de 1942 y es por tanto en dicha fecha que la demandante fué seducida y que el término de un año debe empezarse a contar. Habiéndose radicado la demanda cuatro meses veintiocho días después de expirado dicho término, no erró la corte al desestimar la demanda.

*Debe confirmarse la sentencia apelada.*