La menor RAMONA HERNÁNDEZ MELÉNDEZ, representada por su madre legítima ROSA MELÉNDEZ VDA. DE HERNÁNDEZ, demandante y apelada, *v.* JUAN DE JESÚS y HARTFORD ACCIDENT & INDEMNITY Co., demandados y apelantes.

Núm. 9910.—*Sometido:* Abril 22, 1949. *Resuelto:* Mayo 20, 1949.

*Wilson P. Colberg,* abogado de los apelantes; *E. Pérez Casalduc,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

A los fines del recurso que está ante nuestra consideración, los hechos esenciales del presente caso son los siguien-

tes: En 6 de octubre de 1946 el automóvil P–2564 figuraba inscrito en el Departamento del Interior a nombre de Rafael Robles Figueroa y estaba cubierto por una póliza de seguros librada por la Hartford Accident and Indemnity Co. de conformidad con el artículo 10(*a*) de la Ley núm. 279 de 5 de abril de 1946 (págs. 599, 625). Dicho automóvil había sido vendido tres o cuatro meses antes por Robles Figueroa al aquí demandado Juan de Jesús de Jesús, no habiéndose hecho para aquel entonces traspaso alguno a nombre de este último en el Departamento del Interior. En la fecha indicada de Jesús cedió en arrendamiento el referido automóvil por la suma de diez dólares al día a Julio Candelaria Mestre, quien era un conductor debidamente autorizado y quien no trabajaba como chófer de de Jesús. Candelaria Mestre se trasladó de Santurce a Ciales con el propósito de bautizar un hijo suyo. Le acompañaba únicamente una señora llamada Pilar Vega, quien sería la madrina del niño. Mientras venían de regreso, el automóvil arrolló a la demandante Ramona Hernández Meléndez y le ocasionó varias lesiones. Al momento de ocurrir el accidente el vehículo era conducido por Candelaria Mestre, y aunque Pilar Vega le acompañaba, no era ella un pasajero mediante paga. Iniciada la presente acción y visto el caso en sus méritos, la Corte de Distrito de Arecibo dictó sentencia declarando con lugar la demanda y condenando a los demandados a pagar a la demandante la suma de $800 por concepto de daños y perjuicios y $200 para honorarios de abogado.[1]

De la sentencia dictada apelaron ambos demandados, alegando en apoyo del recurso que la corte sentenciadora cometió error (1) al sostener que la póliza expedida por la Hartford Accident and Indemnity Company cubría el vehículo envuelto en esta acción; (2) al sostener que los demandados

---

[1] A pesar de que la imposición de costas era obligatoria, nada dijo la corte inferior a este respecto. *Colón* v. *Asociación Cooperativa Lafayette*, 67 D.P.R. 271.

eran responsables por los actos cometidos por Julio Candelaria Mestre, y (3) al resolver que la compañía de seguros respondía del accidente, no obstante aparecer Rafael Robles Figueroa, y no Juan de Jesús, como dueño del vehículo en el Departamento del Interior.

■■ La revocación de la sentencia dictada se impone. Candelaria Mestre era al momento del accidente un mero arrendatario del automóvil que conducía.(²)  Juan de Jesús de Jesús, aquí demandado, era el arrendador del mismo.  Y ya hemos resuelto que cuando se cede en arrendamiento un vehículo de motor, los daños y perjuicios ocasionados por el mismo mientras es conducido por el arrendatario, o por un agente de éste, no son imputables al arrendador. *Lugo* v. *Self Auto Corporation,* 51 D.P.R. 858.  Véanse también *Rodríguez* v. *Pérez,* 65 D.P.R. 683; *Rodríguez* v. *Great American Indemnity Co.,* 63 D.P.R. 605, y *Casillas* v. *Rengel,* 51 D.P.R. 638.

En *Lugo* v. *Self Auto Corporation,* supra, citamos con aprobación a la página 865 el siguiente párrafo del caso de *Atkins* v. *Points,* 88 So. 231.:

"Cuando el dueño cede en arrendamiento vehículos de motor a chóferes y éstos pagan al primero determinada suma por día y usan los vehículos para sus propios fines, el dueño no es responsable de los daños y perjuicios ocasionados a un tercero por razón de la negligencia del chófer, puesto que no existe una relación de patrono y empleado que haga aplicable la doctrina de *respondeat superior.*"

En 5 Blashfield, *Cyclopedia of Automobile Law and Practice,* pág. 35, sec. 2915, se dice, además, que por regla general y en ausencia de un estatuto al efecto, el dueño de un vehículo de motor no responde de daños y perjuicios por las lesiones ocasionadas a un tercero debido a la negligencia de aquél a quien ha sido prestado o alquilado, mientras el prestatario o arrendatario esté en posesión del vehículo y siempre que el accidente ocurra en momentos en que el vehículo

---

(²)Nada hallamos en la ley que prohiba que un automóvil de servicio público sea cedido en arrendamiento a un tercero.

no se dedique a actividades del dueño ni esté bajo el control de éste, citándose infinidad de casos de distintos estados de la Unión Americana.

Demostrando la prueba que al momento de ocurrir el accidente aquí envuelto el automóvil público en cuestión estaba siendo conducido por Candelaria Mestre en un asunto personal y en relación con el cual de Jesús nada tenía que ver, es inevitable llegar a la conclusión, a tenor con la jurisprudencia citada, de que el demandado de Jesús, en su carácter de arrendador del vehículo, no debe responder de daños y perjuicios. No siendo responsable el dueño del vehículo que produjo el accidente, la compañía codemandada tampoco puede serlo, aun asumiendo a los fines de la argumentación que la póliza por ella expedida cubriera los accidentes ocasionados por el automóvil sin haberse efectuado en el Departamento del Interior la transferencia del automóvil del antiguo dueño a favor de de Jesús. *Bithorn* v. *Santana,* 68 D.P.R. 300.

La corte inferior basó su sentencia principalmente en lo resuelto por nosotros en *Arvelo* v. *Rodríguez,* 69 D.P.R. 159, con fecha 16 de julio de 1948. Sin embargo, el 17 de mayo del año en curso este Tribunal emitió en el mismo caso una opinión en reconsideración en la cual dejó sin efecto la dictada el pasado año. En la nueva opinión emitida se llega a la conclusión de que una póliza como la aquí envuelta no cubre los riesgos que no son propios de, o incidentales a, la operación y explotación de un "automóvil de servicio público", dentro del significado de ese término según el artículo 2(*h*) de la Ley 279 antes citada. Esto exime, igualmente, de responsabilidad a la codemandada Hartford Accident and Indemnity Company.

Dadas las anteriores conclusiones, se hace innecesario resolver el tercer error señalado.

*Debe revocarse la sentencia apelada y declararse sin lugar la demanda, con costas a la demandante.*