MÉNDEZ, DEMANDANTE Y APELADO, *v.* BALDASSARI, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización.

No. 2218.—Resuelto en junio 14, 1920.

NEGLIGENCIA—DAÑOS Y PERJUICIOS—AUTOMÓVIL PARTICULAR—CONDUCTOR.—El hecho de que el dueño de un automóvil privado emplee a un "conductor" en lugar de un "chauffeur" para que le meneje su vehículo mediante pago no lo hace responsable de la negligencia de dicho conductor cuando el dueño no vá en el vehículo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Sabater.*

Abogados del apelado: *Sres. Benet y Souffront.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante es dueño de un automóvil privado que maneja él mismo pero en algunas ocasiones ocupa para que se lo

maneje a una persona que tiene licencia de conductor y a quien paga esos servicios eventuales. En ocasión en que el apelante no iba en su automóvil y estando manejado por ese conductor, por negligencia de éste ocurrió un choque con otro automóvil del apelado y por los daños que sufrió el automóvil del apelado fué condenado el apelante, fundándose la corte sentenciadora en que incurrió en negligencia *per se* permitiendo que su vehículo fuera manejado por persona que no tenía licencia de *chauffeur*, fundamento que el apelante estima erróneo y por lo que pide que lo absolvamos de la demanda.

Hemos examinado con detenimiento la Ley de Automóviles No. 75 de 13 de abril de 1916 y no encontramos precepto alguno que imponga al dueño de un automóvil el deber de ocupar necesariamente a un *chauffeur* para manejar su vehículo ni prohibición de que sea un conductor. Según dijimos en el caso de *Arenas* v. *Enright,* 26 D. P. R. 742, "pueden manejar vehículos de motor todas aquellas personas que posean licencias de *chauffeur* o de conductor, siendo enteramente iguales los requisitos personales que la ley exige para obtener la licencia de conductor o de *chauffeur* e iguales también los derechos que tienen que pagar al Tesoro Público." La única diferencia que encontramos en la ley entre un conductor y un *chauffeur* es que éste cobra por sus servicios, ya que al definir en su artículo 1º. la palabra *"chauffeur"* dice que es "toda persona a quien se·pagare por manejar un vehículo de motor," mientras que conductor es "cualquier persona que, no siendo un *chauffeur,* maneje vehículo de motor." Tanto el conductor como el *chauffeur* están autorizados para manejar vehículos de motor pero se llama *chauffeur* al que cobra por prestar ese servicio. Por consiguiente, el dueño de un automóvil puede ocupar para que lo maneje a un conductor o a un *chauffeur* porque ambos están autorizados legalmente para manejar vehículos de motor; apreciación que tiene confirmación en el artículo 17 preceptivo de que el dueño de cualquier vehículo de motor será respon-

sable de los daños causados por la negligencia del conductor
o *chauffeur* mientras dicho dueño estuviere en el vehículo;
precepto que impone responsabilidad al dueño de un vehículo
de motor por los daños causados por la negligencia de su
conductor o *chauffeur* solamente cuando ocurrieron estando
el dueño en el vehículo, por lo que en este caso no tiene res-
ponsabilidad alguna el apelante toda vez que no estaba en
su automóvil cuando ocurrieron los daños que se le ordena
pagar; y que al establecer responsabilidad en ese caso, táci-
tamente acepta nuestra doctrina de que el dueño de un ve-
hículo de motor que no esté destinado a un negocio o em-
presa no es responsable de los daños causados por la negli-
gencia de su *chauffeur,* consignada en los casos de *Vélez* v.
*Llavina,* 18 D. P. R. 656; *Alicea* v. *Aboy,* 23 D. P. R. 108, y
*Truyol y Cía.* v. *West India Oil Co.,* 26 D. P. R. 361.

Es cierto que el artículo 5, apartado K, dispone que ''nin-
guna persona permitirá que un vehículo de motor de su pro-
piedad o que esté bajo su gobierno sea manejado por per-
sona que no esté legalmente autorizada para hacerlo o en
contravención a las disposiciones de esta ley, y ninguna per-
sona tomará a su servicio a un *chauffeur,* sin antes cercio-
rarse de que posee una licencia adecuada,'' pero este pre-
cepto no puede servir de fundamento para una sentencia con-
denatoria en este caso porque el apelante empleó para ma-
nejar su automóvil, que es un vehículo de motor, a persona
que estaba legalmente autorizada para hacerlo pues tenía
licencia de conductor, y no podemos decir que el apelante
haya contravenido la ley en otro particular. En cuanto al
último extremo de ese precepto es verdad que dispone que
el dueño de un vehículo de motor no tomará a su servicio a
un *chauffeur* para manejarlo sin antes cerciorarse de que
posee una licencia adecuada, pero siendo iguales, según he-
mos dicho, los requisitos exigidos por la ley para conceder
las licencias de conductor o de *chauffeur* no creemos que tenga
el alcance de que cuando se paga a una persona por mane-
jar un vehículo de motor haya de emplearse necesariamente

a una que tenga licencia de *chauffeur* y que no pueda alqui-
lar. los servicios de un conductor cuando uno y otro están au-
torizados para manejar vehículos de motor.

Por las razones expuestas la sentencia apelada debe ser
revocada y absolverse al demandado.

> *Revocada la sentencia apelada y absuelto el*
> | *demandado de la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados del Toro y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución
de este caso.