SUCESIÓN DE DEMETRIO RODRÍGUEZ ET ALS., demandantes y apelantes, *v.* ENRIQUE UMPIERRE, JR., demandado y apelado.

No. 5745.—*Sometido:* Abril 15, 1932. *Resuelto:* Diciembre 6, 1932.

*L. Mercader* y *José E. Díaz,* abogados de los apelantes; *J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los demandantes en este pleito han interpuesto la presente apelación contra la sentencia contraria a sus pretensiones que después del juicio puso término al asunto en la corte inferior.

La demanda se funda en que un automóvil Packard de dos asientos propiedad del demandado, que ocupaban su chófer y una sirvienta, mientras se dirigía de Barceloneta a Manatí en asuntos del negocio que el demandado llevaba a cabo para El Pueblo de Puerto Rico como contratista de los puentes en Barceloneta, atropelló al padre de los demandantes y lo mató, por la negligencia del chófer del demandado. La prueba no demostró que el demandado tenía negocio alguno en los puentes que se construyeron entre Barceloneta y Manatí pues el contratista de ellos era una tercera persona, sino que era un empleado con sueldo de su padre Enrique Umpierre que había contratado con El Pueblo de Puerto

Rico la construcción de los accesos de la carretera a los puentes, por lo que no puede sostenerse que el demandado tenía negocio alguno allí al que tuviera destinado su automóvil, como requiere el artículo 1804 del Código Civil para que los dueños o directores de un establecimiento o empresa sean responsables de los perjuicios causados por sus dependientes en el servicio de los ramos en los que los tuvieran empleados o con ocasión de sus funciones. Ese automóvil estaba dedicado al uso particular del demandado y de su esposa, e iba regularmente al pueblo de Manatí a buscar el desayuno y el almuerzo para ellos, que temporalmente vivían en las obras que ejecutaba el padre, pues su casa la tenían en San Juan.

Quizás, eventualmente, en alguna ocasión se condujo algún material como clavos o alambre para la obra en ese automóvil cuando iba por el desayuno o el almuerzo pero eso no es demostración de que estaba dedicado a la obra, que como hemos dicho no era negocio del demandado sino de su padre.

■ En vista de esa prueba y de que el demandado no iba en el automóvil cuando ocurrió el accidente a que se refiere la demanda, el caso ha de regirse por la jurisprudencia sentada en le caso de *Vélez* v. *Llavina,* 18 D.P.R. 656, y seguida con aprobación en el de *Alicea* v. *Aboy,* 23 D.P.R. 108; *Truyol y Cía.* v. *West India Oil Co.,* 26 D.P.R. 361, y *Méndez* v. *Baldassari,* 28 D.P.R. 613. Esa jurisprudencia declara que el dueño de un automóvil que no está dedicado a su negocio o empresa no es responsable por la negligencia de su chófer; doctrina que, como dijimos en el caso de *Méndez* v. *Baldassari, supra,* fué aceptada tácitamente por el poder legislativo al disponer cuatro años después del caso de *Vélez* v. *Llavina, supra,* en el artículo 17 de la Ley No. 75 de 19 de abril de 1916 reglamentando el uso de vehículos de motor, que el dueño de cualquier vehículo de motor será responsable de los daños causados por negligencia del conductor o chófer mientras dicho dueño estuviese en el vehículo.

. Así quedan resueltos los motivos tercero y cuarto de este recurso, lo que hace innecesario considerar los dos primeros. *La sentencia apelada debe ser confirmada.*