José Sánchez Falconi, representado por Arístides Ayala, su defensor judicial, demandante y apelado, *v.* Félix López Alvarez, demandado y apelante.

No. 6348.—*Sometido:* Junio 14, 1934. *Resuelto:* Noviembre 23, 1934.

*J. Henri Brown, C. Ruiz Nazario, G. E. González y G. Benítez Gautier,* abogados del apelante; *Luis Mercader,* abogado del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

José Sánchez Falconi, de diez y seis años de edad, entabló demanda por medio de su defensor Arístides Ayala nombrádole al efecto por la corte, contra Félix López Alvarez, en reclamación de ocho mil dólares por daños y perjuicios que se le causaron según su reclamación, así:

Como a las cuatro y media de la tarde de marzo 18, 1930, en momentos en que montado en bicicleta ascendía por la calle Patriota Pozo de Manatí, en dirección Norte a Sur, lado derecho, bajaba un automóvil propiedad del demandado guiado por su *chauffeur* Miguel Angel Landrón, en gestiones de sus negocios, y no obstante observar el *chauffeur* que a su

derecha estaba parado otro automóvil, no se detuvo sino que continuó violentamente su carrera sin anunciar su proximidad en forma alguna, desviando hacia la izquierda lanzándose a ocupar la derecha por donde subía el demandante chocando con éste y ocasionándole varias lesiones, entre ellas la fractura de una pierna, que lo obligaron a sufrir una operación y a permanecer tres meses en el hospital.

Se alega específicamente en la demanda que el demandante hizo cuanto estuvo a su alcance para evitar el accidente y que éste se debió a la negligencia del empleado del demandado al conducir el auto por la zona urbana a una velocidad de más de treinta kilómetros, al no detenerse a pesar de ver delante de él, a su derecha, otro auto parado, y observar que subía por su derecha en bicicleta el demandante, al no avisar su proximidad y al desviarse violentamente hacia su izquierda bajando.

El demandado alegó que negaba general y específicamente todos y cada uno de los hechos y alegaciones de la demanda y así trabada la contienda fué el pleito a juicio. Basándose en la evidencia aportada en el mismo por ambas partes, la corte declaró probado el hecho del accidente y concluyó que su causa única fué la negligencia del *chauffeur* del demandado al no dar aviso de su proximidad al acercarse al cruce de dos calles y al no reducir su velocidad en tal sitio especialmente cuando tuvo que desviarse a su izquierda para poder pasar al auto que encontró parado a su derecha.

Declaró además la corte que no hubo negligencia contributoria por parte del demandante y que si bien el demandado no viajaba en su auto en el momento del accidente, el vehículo regresaba de evacuar una gestión que le producía beneficio pecuniario, y dictó sentencia condenando al demandado a pagar al demandante mil dólares, con costas.

No conforme el demandado interpuso el presente recurso de apelación señalando en su alegato cuatro errores cometidos a su juicio por la corte al decidir que la causa próxima y

directa del accidente fué la negligencia del *chauffeur* del demandado, al resolver que no hubo negligencia contributoria por parte del demandante, al sostener que en el momento de ocurrir el accidente el automóvil del demandado era usado en beneficio de un negocio o empresa del mismo y al no eximir de responsabilidad al demandado de acuerdo con el artículo 13, apartado (*a*) de la Ley de Automóviles de Puerto Rico aprobada en 1916.

Después de un detenido estudio de los hechos y la ley entendemos que aunque pudiera concluirse que el *chauffeur* del demandado fué negligente y que el demandante no contribuyó con su negligencia al accidente, tendremos siempre que revocar la sentencia apelada porque en el automóvil no viajaba su dueño el demandado ni se demostró que en el momento del accidente formara parte de alguna empresa del demandado o estuviera dedicado a algún negocio lucrativo del mismo.

Lo más que demuestra la prueba es que el demandado, negociante en tabaco y con una finca de frutas, tenía dos automóviles, uno nuevo que usaba con su esposa, y otro viejo, el de que se trata en este caso, que empleaba para llevar y traer sus hijos a la escuela, en otras diligencias de su casa, en viajes de negocios y de cuando en cuando en transportar tabaco y toronjas y que el día del accidente después de ser usado para llevar algunas toronjas de la finca al mercado el *chauffeur* fué a buscar los niños que salían de la escuela y viajando en el carro uno de ellos ocurrió el choque.

La ley y la jurisprudencia aplicables son bien conocidas. Véanse los artículos 1803 y 1804 del Código Civil, 1802 y 1803 de su edición de 1930, el artículo 17 de la Ley No. 75 de 1916, Leyes de 1916, p. 155, y entre otros los casos de *Vélez* v. *Llavina,* 18 D.P.R. 656, *Alicea* v. *Aboy,* 23 D.P.R. 108, *Truyol* v. *West India Oil Co.,* 26 D.P.R. 361, y *Candal* v. *Sociedad de Auxilio Mutuo,* 37 D.P.R. 874, y *Sucn. D. Rodríguez* v. *Umpierre Jr.,* 44 D.P.R. 167.

*Debe revocarse la sentencia recurrida y dictarse otra declarando la demanda sin lugar, sin especial condenación de costas.*