Pérez, Demandante y Apelada, *v.* Gandía, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Distrito Primero, en pleito sobre daños y perjuicios.

No. 2920.—Resuelto en noviembre 27, 1923.

Negligencia del Arrendador—Daños y Perjuicios—Demanda Suficiente.—El dueño de una casa que teniendo conocimiento del mal estado del inmueble, negligentemente deja de corregir el defecto, es responsable de los daños que pueda causar el desplome de la finca.

Id.—Id.—La prueba de que el edificio ruinoso que causó daños pertenecía al demandado puede establecerse por otros medios que no sean precisamente la escritura de adquisición inscrita en el registro.

Id.—Id.—Prueba.—Examinada la prueba en este caso *se resolvió:* que las malas condiciones en que estaba la casa fueron causa del derrumbe.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. Gaetán Barbosa.*

Abogado del apelado: *Sr. C. J. Torres.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

La demanda, base de este pleito, copiada a la letra, en lo pertinente, dice:

"1.—Que el demandado en este caso en agosto 12 del 1921 era dueño de la casa número 137 de la calle de San Agustín, Puerta de Tierra, Municipalidad de San Juan, cuya casa se dividía en habitaciones teniendo una de ellas alquilada a Conrado Rosario, con quien estaba y está la demandante haciendo vida matrimonial.

"2.—Que el demandado había sido notificado por la sanidad con anterioridad al día 12 de agosto de 1921, que la casa de su propiedad número 137, de la calle de San Agustín, Puerta de Tierra, se encontraba en malas condiciones.

"3.—Que el día 12 de agosto de 1921 se derrumbó dicha casa por estar en malas condiciones por la única y exclusiva negligencia de su dueño el demandado en este caso.

"4.—Que al derrumbarse dicha casa se encontraba legalmente en la habitación en que vivía la demandante quien estaba en estado de preñez y sufrió una contusión en la parte izquierda del pecho y otras en las caderas, que le obligaron a guardar cama del 12 de agosto al 10 de septiembre de 1921, teniendo asistencia médica todo ese tiempo.

"5.—Que aunque se le ha requerido al demandado que le indemnice a la demandante por los sufrimientos físicos y morales debido única y exclusivamente al derrumbe de la casa en que vivía, que fué por la culpa y negligencia del demandado, éste se ha negado a indemnizarle.

"6.—La demandante estima los daños causados a su persona en la suma de mil quinientos dólares ($1,500)."

Trancurrido el término del emplazamiento sin que el demandado compareciera, fué anotada su rebeldía, pero la corte luego le permitió defenderse. Alegó primero la excepción de falta de causa de acción y fué desestimada, y entonces contestó así:

"Primero:—Que niega todos y cada uno de los hechos de la demanda.

"Segundo:—Como defensa especial, el demandado alega específicamente:

"Que la demandante fué requerida por el demandado varias veces para que desalojara la habitación a que se refiere la demanda, fundando dicho demandado los requerimientos en el mal estado de la casa y que a pesar de los distintos requerimientos hechos por el demandado a todos los inquilinos de la expresada casa, la demandante no desalojó dicha habitación dentro de los términos que le fueron dados con tal fin, constándole de conocimiento propio a la demandante que la casa estaba en malas condiciones para ser habitada."

Trabada de tal modo la contienda, fué el pleito a juicio y practicada la prueba la corte dictó sentencia condenando al demandado a pagar a la demandante trescientos dólares y las costas.

No conforme el demandado apeló para ante este tribunal señalando en su alegato dos errores cometidos a su juicio por la corte de distrito 1, al desestimar la excepción previa y 2, al apreciar la prueba.

Discutiendo el primer error sostiene el apelante que no se alega en la demanda la existencia de contrato alguno válido entre demandante y demandado y que en el caso de que pudiera deducirse la existencia del contrato de arrendamiento no se alega el pago del precio, ni que el arrendatario pusiera en conocimiento del arrendador la necesidad de hacer reparaciones en la casa arrendada.

Opinamos que el error no existe. La responsabilidad del demandado para con la demandante no se deriva de ningún contrato celebrado directamente con ella. Se alega en la demanda la existencia de un contrato de arrendamiento entre el demandado, dueño de la casa, y Conrado Rosario. La alegación de que la demandante "estuviera haciendo vida matrimonial con Rosario," era innecesaria. Rosario tenía derecho a recibir huéspedes, visitas, en la casa que para vivir alquiló. Cualquier persona pudo entrar en ella dentro del curso ordinario de los negocios. Y para con todos tenía el dueño obligaciones. El dueño estaba en el deber de conservar la casa en condiciones habitables y si teniendo conocimiento de su mal estado negligentemente dejó de corregir el defecto, es responsable del daño que con ello pudiera haber ocasionado. Su responsabilidad surge del quasi contrato a que se refiere el artículo 1803 del Código Civil en los siguientes términos: "El que por acción u omisión cause daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado."

Basta lo anteriormente expuesto para concluir que no eran necesarias las alegaciones del pago del precio y de la notificación por parte del arrendatario al arrendador del defecto existente. Se alegó en debida forma el conocimiento del defecto por parte del arrendador a virtud de la

notificación que le hicieran las autoridades sanitarias, y su negligencia al dejar de corregirlo.

Tampoco existe el segundo error. La prueba presenta a nuestro juicio un caso aún más fuerte que el que establece la demanda.

Se insiste en que no se probó que el demandado fuera el dueño de la casa. La condición de dueño por parte del demandado quedó en cierto modo admitida en su contestación, y si ello no fuera bastante, en la prueba testifical de la demandante hay datos suficientes para llegar a esa conclusión. No es absolutamente necesario para probar la condición de dueño en un caso de esta naturaleza que se presente la escritura de adquisición inscrita en el registro de la propiedad.

También se insiste en que no se demostró que las malas condiciones de la casa fueran las que ocasionaran el derrumbe y que el demandado fuera negligente. Rosario declaró que la casa "estaba en tan malas condiciones, que se desplomó de noche." Dominga Pérez dijo: "en ese mes el día doce como a las diez y media de la noche estando yo en el fregadero se derrumbó el ranchón, se cayó." El inspector de sanidad depuso: "En el mes de julio notifiqué yo al Sr. Gandía para que reparara la casa en total porque estaba en condiciones pésimas, y no hizo nada . . . . Lo denuncié. Varias ocasiones tuve que denunciarlo por esas casas . . . . Sí, señor, precisamente de esa fué la que más notificaciones le hice porque estaba en malísimas condiciones . . . . La casa tendría como dos metros de alto por la parte que da a la vía del ferrocarril y como las maderas estaban completamente podridas se cayó y está en la tierra; no hay soco que la aguante, está en la tierra." Además la misma parte demandada dijo por medio de su testigo Pedro Gandía Jr., apoderado del demandado, "que dió orden de pegar un cartel en el ranchón haciendo constar

eso,° que corría peligro, y al mismo tiempo los inquilinos que buscasen donde mudarse.''

En cuanto a las lesiones sufridas por la demandante a consecuencia del derrumbe de la casa y a la cuantía de los daños, la prueba ampliamente sostiene la sentencia.

Y por lo que respecta a la notificación por parte del dueño a los inquilinos alegada como defensa, bastará decir que la prueba resulta contradictoria, sin que se demostrara pasión, prejuicio, parcialidad o error manifiesto por la corte al apreciarla.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la vista de este caso.