CARMEN MIRANDA VDA. DE RODRÍGUEZ, demandante y apelada, *v.* JOSÉ MÉNDEZ RODRÍGUEZ, demandado y apelante.

Núm. 7006.—*Sometido:* Abril 28, 1936. *Resuelto:* Enero 26, 1937.

*Luis López de Victoria,* abogado del apelante; *Leopoldo Tormes García,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de una acción sobre daños y perjuicios. En la demanda se alega substancialmente que la demandante vivía en una casa que arrendó al demandado que tenía en mal estado la escalera de subir y bajar a la misma, hecho que había notificado al demandado; que el 9 de diciembre de

1933, al bajar la demandante por dicha escalera ésta se rompió, cayendo la demandante al suelo fracturándose la mano derecha, sufriendo intensos dolores, incurriendo en gastos y teniendo que guardar cama por un mes; que el accidente se debió exclusivamente a la culpa del demandado al mantener arrendada su casa en las condiciones expuestas. Se reclaman dos mil dólares con más las costas, gastos y honorarios de abogado.

El demandado excepcionó y contestó la demanda. Su excepción de falta de hechos determinantes de una causa de acción fué declarada sin lugar. Por su contestación aceptó algunos hechos y negó otros entre ellos los de que la escalera estuviera en mal estado y que se le hubiera notificado dicho condición.

Celebrado el juicio, la corte dictó sentencia fijando la indemnización en trescientos dólares. Impuso además las costas al demandado.

Éste apeló. Señala tres errores cometidos a su juicio por la corte sentenciadora al apreciar la prueba como demostrativa de que el demandado venía obligado a indemnizar a la demandante; al desestimar la defensa de negligencia contributoria por no haberse alegado expresamente en la contestación, y al imponerle las costas y honorarios de abogado.

██ Para el debido estudio y resolución del primero de los errores señalados, partiremos de la base de los hechos declarados probados por la corte sentenciadora, a saber:

"La Corte, por la apreciación que ha hecho de toda la prueba, es de opinión que la demandante ha probado, satisfactoriamente, las alegaciones esenciales de su demanda. Se probó que la demandante, Carmen Miranda, viuda de Rodríguez, tenía arrendada una casa de la propiedad del demandado, José Méndez Rodríguez, estando éste representado, como administrador o agente, por su padre José Ma. Méndez, ya que el demandado estaba ausente en New York; que la demandante notificó a dicho José Ma. Méndez del mal estado en que se encontraba una pequeña escalera que tenía la casa para bajar al patio, y que a pesar de dicha notificación, el demandado ni su agente

o administrador hicieron arreglo alguno a dicha escalera; que el 9 de diciembre de 1933, al ir la demandante a bajar por dicha escalera, la misma se desplomó cayendo la demandante al patio, a consecuencia de cuya caída sufrió la fractura de la muñeca en su mano derecha, siendo asistida por el Dr. Rigau de Yauco; que como consecuencia de dicha fractura la demandante sufrió intensos dolores, y que debido a su edad, de 50 a 60 años, aún cuando no ha quedado totalmente incapacitada en el uso de su mano y brazo derecho, sí le ha quedado la muñeca anquilosada, según declaración del Dr. Rigau; que el accidente se debió a la culpa y negligencia del demandado al no mandar a arreglar la escalera cuando fué avisado de su mal estado. Se probó además, que la demandante carece de medios de fortuna.''

Sostiene el apelante que de esos hechos lo que surge es la obligación de la demandante de arreglar por sí misma la escalera en cuestión, de acuerdo con el artículo 396 del Código Civil, que es el 323 de su edición de 1930, en relación con el párrafo tercero del artículo 1677 de la Ley de Enjuiciamiento Civil antigua que alega que está vigente en ese extremo de conformidad con lo resuelto por esta corte en *Mas* v. *Llona,* 31 D.P.R. 30. Dice el artículo 323 del Código Civil, ed. 1930:

''Si un edificio, pared, columna o cualquiera otra construcción amenazase ruina, el propietario estará obligado a su demolición, o a ejecutar las obras necesarias para evitar su caída.

''Si no lo verificase el propietario de la obra ruinosa, la autoridad podrá hacerla demoler a costa del mismo.''

Y ordena el artículo 1677, párrafo tercero, de la antigua Ley de Enjuiciamiento Civil:

''A la ejecución de estas medidas serán compelidos el dueño de la cosa ruinosa, su administrador o apoderado, y en su defecto el arrendatario o inquilino por cuenta de las rentas o alquileres. En defecto de todos éstos, suplirá los gastos el actor, a reserva de reintegrarse de ellos exigiendo su importe del dueño de la obra, por el procedimiento establecido para la vía de apremio en el juicio ejecutivo.''

Basta la simple lectura de los preceptos legales invocados para concluir que no tiene razón el apelante. Se refieren a

una situación distinta a la que surge de los hechos de este caso. La cuestión aquí envuelta no es nueva ante este tribunal. Véanse los casos de *Roa v. Puig et al.,* 19 D.P.R. 386, y *Pérez* v. *Gandía,* 32 D.P.R. 562, en el último de los cuales, pág. 564, la Corte se expresó así:

"La responsabilidad del demandado para con la demandante no se deriva de ningún contrato celebrado directamente con ella. Se alega en la demanda la existencia de un contrato de arrendamiento entre el demandado, dueño de la casa, y Conrado Rosario. La alegación de que la demandante 'estuviera haciendo vida matrimonial con Rosario', era innecesaria. Rosario tenía derecho a recibir huéspedes, visitas, en la casa que para vivir alquiló. Cualquier persona pudo entrar en ella dentro del curso ordinario de los negocios. Y para con todos tenía el dueño obligaciones. El dueño estaba en el deber de conservar la casa en condiciones habitables y si teniendo conocimiento de su mal estado negligentemente dejó de corregir el defecto, es responsable del daño que con ello pudiera haber ocasionado. Su responsabilidad surge del cuasi contrato a que se refiere el artículo 1803 del Código Civil en los siguientes términos: 'El que por acción u omisión cause daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.' "

La circunstancia de que aquí la que recibiera el daño fuera la propia persona que tenía arrendada la finca, no varía la situación. El deber de hacer en la cosa objeto del contrato de arrendamiento todas las reparaciones necesarias a fin de conservarla en estado de servir para el uso a que ha sido destinada, corresponde al arrendador, no al arrendatario. Artículo 1444 del Código Civil, ed. 1930.

██ No fué cometido el primer error. Examinemos el segundo. Dijo el juez sentenciador en su relación del caso y opinión:

"Aún cuando el demandado, en su alegato discute la negligencia contributoria de la demandante, su contestación no hace alegación alguna a ese efecto, y la jurisprudencia es unánime y terminante de que para que pueda prosperar esa defensa, debe alegarse afirmativamente por el demandado y probarse. *Maldonado* v. *Hamilton,* 32 D.P.R. 224; *Rivera* v. *Central Pasto Viejo,* 44 D.P.R. 244, 274."

En el último de los casos citados por la propia corte sentenciadora, esta Corte Suprema, por medio de su Juez Asociado Sr. Córdova Dávila, en parte, se expresó así:

"Nosotros, luego de haber estudiado y analizado las alegaciones y la prueba aportada, no creemos justificada la conclusión de que el demandante tuvo necesariamente que ver y oír, por lo menos en tiempo oportuno para evitar el accidente. Por otra parte, esta corte ha declarado en repetidas decisiones que la negligencia contribuyente es una defensa que incumbe alegar y probar al demandado. *Maldonado v. Hamilton*, 32 D.P.R. 224; *González v. Malgor, Luiña & Co.*, 29 D.P.R. 105; *Truyol Co. v. West India Oil Co.*, 26 D.P.R. 369; *Rosado v. Ponce Ry. & Light Co.*, 20 D.P.R. 564. Esta es la doctrina que prevalece generalmente en los estados que han adoptado el moderno sistema de procedimiento, a menos que la negligencia contribuyente surja de las alegaciones de la demanda o la prueba del demandante, en cuyo caso el demandado queda relevado de alegar y probar lo que ya ha sido demostrado por el propio demandante. Esto no ocurre en el presente caso. La demandada establece en su contestación como única defensa la alegación de que el demandante colocó maliciosamente el automóvil en la vía. Esta alegación, que no ha sido probada, no puede cubrir ningún otro acto de negligencia. La demandada no puede traspasar los límites que se trazara en su contestación, debiendo limitarse a probar la defensa especialmente alegada. *Atchison T. & F. R. Co. v. Dickey*, 41 Pac. 1073; *Continental Ice Co. v. Mitchel*, 112 So. 239; *American Car & Foundry Co. v. Uss*, 211 Fed. 862; *Texas Midland R. R. Co. v. Brown (Texas Court of Civil Appeals)*, 207 S. W. 340; *Heriford v. Kansas City Rys. Co.*, 220 S. W. 899." *Rivera v. Central Pasto Viejo, Inc.*, 44 D.P.R. 244, 274.

Fué, pues, la conclusión de la corte de distrito errónea en cuanto dejó de exponer por sus propias palabras la excepción a la regla general, aunque quizá pueda concluirse que suplió lo omitido con la cita que hizo del caso de Rivera, supra.

¿Cae el caso que estamos resolviendo dentro de la excepción? ¿Surge aquí la negligencia contributoria de las alegaciones de la demanda o de la prueba de la propia parte demandante?

Tanto de la demanda como de la prueba de la demandante aparece que la demandante sabía que la escalera se encontraba en mal estado y que pidió al dueño su reparación.

A nuestro juicio, tal hecho, por sí solo, no puede servir de base a una declaración de negligencia contributoria por parte de la demandante que anule su derecho a reclamar del demandado.

"La única conclusión lógica a que puede llegarse, al leerse todos los casos que han considerado el derecho a recobrar por parte de aquéllos que han sido lesionados al afrontar voluntariamente un peligro reconocido", dice la Corte Suprema de New Hampshire, "es que los hechos por ellos conocidos respecto al peligro, incidentales a la condición de que se quejan, y voluntariamente afrontados, no son, de por sí, concluyentes de su derecho a obtener indemnización, a menos que el riesgo sea de tal magnitud que un hombre corriente no hubiera hecho lo que ellos hicieron. En todos los demás casos, estos hechos constituyen meramente evidencia que debe ser considerada en unión a otros hechos relacionados con la cuestión en torno al cuidado por ellos ejercido." *Kambour v. Boston, etc., R. Co.*, 77 N. H. 33, 49, 86 A. 624, 632.

La escalera estaba en malas condiciones, la demandante lo notificó al demandado, éste prometió repararla y fué dilatando la reparación. No se ha demostrado que la demandante conociera que las malas condiciones de la escalera fueran tales que necesariamente debiera concluir que iba a desplomarse con su solo peso, al bajar. Pudo creer que era susceptible de usarse por algún tiempo más todavía.

Si el demandado siguiendo la regla general hubiera levantado en su contestación la defensa de negligencia contributoria, la cuestión hubiera podido dilucidarse con mayor precisión. No lo hizo y bajo las circunstancias concurrentes, limitándonos a lo expuesto en la demanda y al resultado de la prueba de la propia demandante, no nos sentimos justi-

ficados en resolver el caso en su favor revocando la sentencia.

Resta sólo considerar el tercero de los errores señalados. Se refiere a la imposición de costas. No se ha demostrado abuso de discreción. La corte rebajó considerablemente la cuantía de la indemnización reclamada y quizá tuvo en cuenta al fijar la suma, la imposición de las costas al demandado.

*Por virtud de todo lo expuesto debe declararse sin lugar el recurso, quedando confirmada la sentencia recurrida.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.