Mariano Vázquez, demandante y apelado, *v.* Emilio
Antuñano, demandado y apelante.

Núm. 8636.—*Sometido:* Marzo 18, 1943. *Resuelto:* Abril 13, 1943.

*Rodríguez & Parga,* abogados del apelante; *Luis Sánchez Vahamonde,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Emilio Antuñano, el demandado, era dueño de una casa que arrendó a Gonzalo Díaz. El demandante almorzaba y comía en la casa de Díaz. Un día como a las 11:20 a. m., cuando el demandante entró al cuarto de baño de la casa, parte del piso, que se había podrido, se derrumbó, resultando el demandante lesionado. Éste instituyó pleito contra el demandado, dueño de la casa, por daños y perjuicios ascendentes a $3,000. El demandado ha apelado de la sentencia de la corte de distrito concediendo al demandante la suma de ⸳400 más $50 para honorarios de abogado.

La opinión de la corte de distrito lee en parte como sigue:

"Alega el demandado en su defensa que jamás, con anterioridad al accidente, le fuera notificado el mal estado del piso de la casa. Esto no era necesario. La obligación del demandado emanaba del artículo 1802 del Código Civil. No dependía en absoluto de contrato alguno de arrendamiento entre él y Díaz. El dueño de un edificio está en la obligación de mantenerlo en buenas condiciones y si no cumple con este deber por cuyo motivo ocasiona daños a una tercera persona viene obligado a resarcir los perjuicios causados. No era necesario tampoco que el demandado tuviera conocimiento actual del mal estado del piso. Éste se desplomó con el solo peso del demandante al entrar en el cuarto de baño, lo que nos demuestra que si el demandado hubiera cumplido con su obligación de inspeccionarlo dentro de períodos de tiempo razonables hubiera notado inmediatamente su condición defectuosa. *Torres* v. *Fernández,* 56 D.P.R. 482, resuelve terminantemente todas las cuestiones aquí envueltas a favor del demandante. Copiamos de este caso lo siguiente:

" '(494) Si mediante el cuidado necesario que estaba obligado a tener, el defecto hubiera podido descubrirse y ese cuidado razonable no se tuvo, el dueño es responsable.

" \*    \*    \*    \*    \*    \*    \*

" 'De haber cumplido con su deber, se hubiera enterado necesa-

riamente del defecto, y siendo ello así puede imputársele conocimient constructivo del mismo. Conociéndolo, no lo reparó. Su negligen cia es evidente y la responsabilidad que de ella se deriva inevitable.

"Véanse además *Roa* v. *Puig,* 19 D.P.R. 386, *Pérez* v. *Gandía,* 3 D.P.R. 562, y *Miranda* v. *Méndez,* 50 D.P.R. 850."

Aunque hubo cierto conflicto en la prueba en este caso e cuanto a si el piso del baño estaba completa o sólo parcial mente cubierto por un linóleo, todos los testigos del deman dante, incluyendo otros abonados, declararon que a pesar de linóleo las malas condiciones del piso habían estado clara mente visibles hacía varios meses. En verdad, los testigo del demandante declararon que la esposa del arrendatári había sido notificada por ellos en cuanto al estado del piso aunque el arrendatario negó que estos avisos hubieran sid dados. De cualquier modo, interpretando la prueba desd el punto de vista más favorable al demandante, en este cas no está envuelto defecto latente alguno en la condición d la casa. *Cf. Ortiz* v. *McCormick Steamship Co.,* 57 D.P.R 560, 64, 65.

Por tanto, lo que nos concierne en este caso son única mente aquellas defectos que pudieron haber sido observado mediante una inspección ordinaria y razonable. En cuant a tales condiciones defectuosas, la corte de distrito interpretó erróneamente el alcance del caso de *Torres* y los otros casos citados en su opinión. El lenguaje citado por la corte in ferior del caso de *Torres* como antes se ha expuesto, fué ex traído sin tomar en cuenta su contexto. Mediante aquel lenguaje, esta Corte, por voz de su Juez Presidente Sr. Del Toro, se refería a la responsabilidad de un arrendador por no haber conservado debidamente reparada una escalera de madera situada en el patio y que daba acceso a la azotea de la casa en la cual vivían varios inquilinos. Esta escalera estuvo en todo momento bajo el control del arrendador y era mantenida por éste para el uso de todos los inquilinos, in cluyendo a la demandante. Bajo tales circunstancias, como el lenguaje del Juez Presidente indicó, no se necesita notifi-

...ación alguna al arrendador por parte del arrentario, y la responsabilidad de éste por lesiones provenientes de su descuido negligente al no mantener en buenas condiciones tal escalera, es absoluta.

Pero los hechos del presente caso son enteramente diferentes. Aquí el alegado defecto existía en el piso del cuarto de baño, el cual, desde que el arrendatario entró en posesión hacía cuatro años, había estado bajo el control exclusivo de éste.

El artículo 1444 del Código Civil dispone que un arrendador está obligado "A hacer en ella durante el arrendamiento todas las reparaciones necesarias a fin de conservarla en estado de servir para el uso a que ha sido destinada". Pero el artículo 1449 del Código Civil contiene la disposición altamente razonable de que el arrendatario está obligado a poner en conocimiento del arrendador con el menor retraso posible, la necesidad de las reparaciones antes dichas.

También es cierto, como indicamos en el caso de *Torres,* que un arrendatario no está limitado en una acción de daños y perjuicios de esta naturaleza a su contrato de arrendamiento y a los artículos del Código Civil que se refieren al mismo. Tiene derecho a invocar el artículo 1802 del Código Civil al efecto de que "El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado". Sin embargo, debe existir primeramente alguna actuación u omisión de parte del arrendador que pueda calificarse de negligente antes de poderse otorgar un remedio contra él bajo el artículo 1802. Bajo las circunstancias del caso de *Torres,* resolvimos que la disposición en cuanto a notificación contenida en el artículo 1449 era innecesaria, toda vez que la escalera estaba bajo el control del arrendador, la cual era usada en común por todos los arrendatarios, y que por tanto existía responsabilidad por negligencia bajo el artículo 1802. Pero en el

presente caso, no podemos ver cómo el haber dejado el arrendador de reparar el piso de un cuarto de baño que ha estado bajo el exclusivo control del arrendatario durante cuatro años pueda calificarse de negligente, en ausencia de notificación alguna sobre el particular del arrendatario al arrendador, de conformidad con el artículo 1449, y en ausencia de cualquier conocimiento obtenido por el arrendador por otros medios de que deben hacerse las reparaciones. En verdad, el testimonio no contradicho fué al efecto de que el arrendador, un mes antes del accidente, había enviado un carpintero a preguntarle al arrendatario si había que hacer algunas reparaciones y que el arrendatario le había dicho que no. Tanto el arrendador como el arrendatario declararon sin contradicciones que el último no había hecho notificación alguna al primero en cuanto a la necesidad de hacer reparaciones. Como cuestión de hecho, el arrendatario declaró que no existía defecto alguno, pero, como ya se ha indicado, la corte inferior dió crédito a los testigos del demandante en cuanto a la existencia del defecto, el cual, por tanto, debe considerarse como probado.

En el caso de *Pérez* v. *Gandía*, citado por la corte inferior y discutido extensamente con aprobación en nuestra opinión en el caso de *Torres*, estableció la norma (*test*) que ha sido seguida sin interrupción por esta Corte en casos similares. Indicamos en *Pérez* v. *Gandía*, en una opinión del Juez Presidente Sr. Del Toro, quien también escribió la opinión en el caso de *Torres*, a la página 564, que "Rosario [el arrendatario] tenía derecho a recibir huéspedes, visitas, en la casa que para vivir alquiló. Cualquier persona pudo entrar en ella dentro del curso ordinario de los negocios. Y para con todos tenía el dueño obligaciones. El dueño estaba en el deber de conservar la casa en condiciones habitables y *si teniendo conocimiento de su mal estado* negligentemente dejó de corregir el defecto, es responsable del daño que con ello pudiera haber ocasionado. Su responsabilidad surge del

cuasi contrato a que se refiere el artículo 1802 del Código Civil . . . ''. (La materia en corchetes y en bastardillas es nuestra).

El hecho de que en el caso de *Pérez* fué un Inspector de Sanidad en vez del arrendatario quien notificó al arrendador de la condición defectuosa de la casa, es inmaterial. Lo importante es que tuviera conocimiento, que es un prerequisito bajo las circunstancias aquí envueltas para poder hacerlo responsable de los accidentes que resulten por no haber reparado la casa.

*Miranda* v. *Méndez*, 50 D.P.R. 850, en el cual la opinión fué también escrita por el Juez Presidente Del Toro, está completamente de acuerdo con nuestros casos anteriores. Allí el demandante-arrendatario había notificado al demandado-arrendador, (pág. 851) ''del mal estado en que se encontraba una pequeña escalera que tenía la casa para bajar al patio, y que a pesar de dicha notificación, el demandado ni su agente . . . hicieron arreglo alguno . . .''.

La decisión en el caso de *Roa* v. *Puig et al.*, 19 D.P.R. 386, en el cual el Juez Asociado Sr. MacLeary escribió la opinión, no está en contra de la regla establecida en este caso. En aquel caso la demandante era sirvienta del arrendatario. Alegó que se asustó tanto al caerse una viga del techo de una de las habitaciones de la casa, que tuvo un aborto. Aparte del hecho de que el caso envolvía un defecto latente—''el mal estado de las vigas no era perceptible a simple vista'' (página 393)—esta corte dijo a la página 393 que ''El apoderado, teniendo en cuenta el incidente ocurrido en septiembre del año anterior, debió estar sobre aviso y haber ordenado oportunamente un reconocimiento en forma de la viguería del techo para llevar a cabo las reparaciones que las circunstancias exigieran, librando así a su principal de cualquier imputación de culpa o negligencia''. Como puede verse, en ese caso esta corte resolvió en efecto que la notificación al apoderado del arrendador de que poco antes del

incidente en controversia se había desprendido otra viga, subsanó cualquier alegado defecto en el caso de la demandante que surgiera de la falta de una notificación específica del arrendatario al arrendador del defecto en cuestión.

Es cierto que la opinión en el caso de *Roa* dice, a la página 392-3 que "Tampoco puede alegar la propietaria que no fué notificada por el inquilino de las condiciones en que se encontraba la casa. La ley no exige tal notificación y en el presente caso el mal estado de las vigas no era perceptible a simple vista". La manifestación de que "la ley no exige tal notificación" fué un *dictum*, toda vez que la Corte resolvió en realidad (*a*) que la notificación había sido dada en efecto mediante la notificación de un accidente similar anterior, y (*b*) que estaba envuelto un defecto latente. Pero lo que es más importante es que el *dictum* se emitió no como una interpretación del requisito de notificación contenido en el artículo 1449, en relación con los artículos 1446 y 1802 del Código Civil, sino al interpretar dos artículos enteramente diferentes; es decir, los artículos 323 (entonces el 396) y el 325 (entonces el 398), que leen como sigue:

"Sección 323.—Si un edificio, pared, columna o cualquiera otra construcción amenazase ruina, el propietario estará obligado a su demolición, o a ejecutar las obras necesarias para evitar su caída.

"Si no lo verificase el propietario de la obra ruinosa, la autoridad podrá hacerla demoler a costa del mismo."

"Sección 325.—En los casos de los dos artículos anteriores, si el edificio o árbol se cayere, será responsable el propietario de los daños y perjuicios que se ocasionen, salvo el caso de fuerza mayor."

En el presente caso nada tenemos que ver con el hecho de si un caso que surge bajo estos artículos no requiere notificación al arrendador, como se indicó en la opinión en el caso de *Roa*. Sólo necesitamos indicar que la manifestación era innecesaria para la decisión en aquel caso, en vista del hecho que esta corte resolvió que se había dado notificación constructiva, y que de cualquier modo el presente caso se rige por otros artículos del Código Civil.

La expresión más reciente de esta Corte en cuanto a cuándo se requiere que el arrendatario notifique al arrendador se encuentra en el caso de *Ortiz* v. *McCormick Steamship Co.,* 57 D.P.R. 560, donde la corte, por voz del Juez Asociado Sr. Hutchison expuso la regla de la siguiente manera a la página 564:

"De acuerdo con el artículo 1449 el arrendatario está obligado a poner en conocimiento del dueño la necesidad de todas las reparaciones requeridas a fin de conservarla en estado de servir para el fin previsto en el contrato de arrendamiento. Esta disposición presupone aquella posesión y dominio por parte del arrendatario que le permita cumplir el requisito estatutario. No impone al arrendatario de la planta baja de un edificio la obligación de notificar a su arrendador, que retiene la posesión y dominio de la azotea, de que es necesario hacer en ésta reparaciones."

La regla del derecho común parece sustancialmente la misma que se expresa en este caso. El Comentario sobre la Sección 357, *Restatement of Torts,* dice en parte a la página 968 que "A menos que el contrato estipule que el arrendador inspeccionará la propiedad para cerciorarse de la necesidad de reparaciones, un contrato para mantener el interior en condiciones de seguridad exige responsabilidad del arrendador si, y solamente si, no ejercita un cuidado razonable después que el arrendatario le haya notificado la necesidad de las reparaciones". Para una luminosa discusión de toda esta materia, véase Eldridge, *Modern Tort Problems,* Capítulo V, *Landlord's Tort Liability for Disrepair,* págs. 113 *et seq.*

En este caso la corte inferior resolvió que era deber del arrendador examinar el piso del cuarto de baño, y por la omisión del cumplimiento de ese deber, imputó a aquél conocimiento constructivo de los defectos que pudo haber descubierto mediante una inspección ordinaria. La dificultad con esa posición, como hemos visto, es que la corte de distrito interpretó el caso de *Torres* como que resuelve que tal deber de inspección descansa siempre sobre el arrendador,-

mientras que lo único que resuelve tal caso es que el deber recayó sobre el arrendador bajo las condiciones que allí concurrieron, que eran completamente diferentes a aquellas que concurren en este caso. Toda vez que, bajo las circunstancias del presente caso, conocimiento actual de parte del arrendador es exigido para hacerle responsable, la falta completa de prueba para demostrar algún conocimiento por parte del arrendador de la condición defectuosa, lo releva de responsabilidad.

*La sentencia de la corte de distrito será revocada y se dictará otra a favor del demandado.*