WILLIAM RAMÍREZ, demandante y apelado, *v.* THE HOTEL CONDADO CORP. y MARYLAND CASUALTY Co., demandados y apelantes.

Núm. 9710.—*Sometido:* Junio 3, 1948. *Resuelto:* Junio 18, 1948.

F. *Prieto Azúar*, abogado de los apelantes; F. *Fernández Cuyar*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Durante el 1942 la Hotel Condado Corporation arrendó a la Corporación Casino de Puerto Rico aquella parte del edificio Hotel Condado conocida como "Salón de las Conchas", con sus galerías. El contrato de arrendamiento expresaba que el arrendatario tendría derecho al uso exclusivo de la terraza adyacente y al cuarto de señoras en aque-

llos casos en que el Casino celebrara sus fiestas y no estuvieren en conflicto con los actos a celebrarse por el hotel.

El 10 de abril de 1942 el demandante y su esposa asistieron·a un juego de bingo que se celebró en el Salón del Casino. Entre diez y once de la noche abandonaron el ·local bajando por una escalera que conduce del Salón hasta el patio en los terrenos del hotel. Mientras el demandante y su esposa descendían por la escalera, aquélla perdió el balance debido a un desperfecto en uno de los escalones, sufrió una caída y recibió lesiones. El demandante entabló pleito contra la corporación del hotel y la Maryland Casualty Company concediéndosele $4,000 por las lesiones recibidas por su esposa, $540 para gastos médicos y $450 para honorarios de abogado.

En apelación señalan las demandadas cuatro errores. En los señalamientos tercero y cuarto afirman que el demandante y su esposa incurrieron en negligencia contribuyente y que los daños concedidos son excesivos. Creemos innecesario discutir estos errores en detalle. Del récord surge prueba suficiente para justificar las conclusiones de la corte inferior en ambos puntos.

Los errores primero y segundo se dirigen a las conclusiones de la corte de distrito al efecto de que (1) el hotel retuvo la posesión de y ejercía el control sobre la escalera y por consiguiente (2) no era menester que la arrendataria, Casino de Puerto Rico, notificase a la demandada la necesidad de hacer las reparaciones en la misma.

Las demandadas admiten que la escalera estaba defectuosa y que era el deber del hotel repararla. Pero arguye este último que no era responsable si su arrendatario no le notificó la existencia del desperfecto en la escalera.(1) Descansa, entre otros, en el caso de *Vázquez* v. *Antuñano*,

---

(1) Hubo alguna prueba de que el hotel, o algunos de sus empleados, fueron notificados de manera informal, o por lo menos tenían conocimiento, del desperfecto. La corte de distrito resolvió que hubo suficiente notificación. Sin embargo, suponemos sin decidirlo, que no existió tal notificación.

61 D.P.R. 770. Véase también *Arroyo* v. *Caldas,* ante, pág. 689. Pero en el caso de *Vázquez,* el baño donde ocurrió el accidente estaba bajo el control exclusivo del arrendatario. Aquí, según resolvió la corte inferior, el contrato del Casino no incluía la escalera. Es cierto que ésta conducía solamente al Salón del Casino, cuya puerta tenía un letrero que decía "Casino de Puerto Rico, Private Club" y que allí estaba estacionado un portero que permitía entrar solamente a los socios del club y sus invitados. Pero el hecho de que como cuestión práctica la escalera conducía solamente al Salón que el Casino tenía arrendado para su uso exclusivo, no lleva inevitablemente a la conclusión de que la escalera estaba bajo el control del arrendatario y no de la corporación del hotel. Así resolverlo sería en efecto decir que el arrendatario de un apartamiento situado en el último piso de un edificio tiene el control de la última serie de escalones, porque éstos conducen solamente a su apartamiento. Igual que cualquier otro arrendatario en un hotel, casa de apartamientos o edificio para oficinas, el Casino no tenía el control de la escalera aquí envuelta simplemente porque ésta sólo conducía al Salón. Si esta escalera en particular hubiera sido incluída expresamente en el contrato de arrendamiento, la doctrina del caso de *Vázquez* predominaría. Pero el contrato no tenía semejante disposición. El Casino era igual que cualquier otro arrendatario del hotel. Por consiguiente, aquí es de aplicación la doctrina establecida en *Torres* v. *Fernández,* 56 D.P.R. 482, al efecto de que no es necesaria notificación alguna de cualquier desperfecto por parte del arrendatario al arrendador, y no la doctrina del caso de *Vázquez.*

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.