ALEJANDRO RAMOS y JUANA SANTIAGO APONTE, demandantes y recurridos, *v.* EL ESTADO LIBRE ASOCIADO DE PUERTO RICO y el MUNICIPIO DE HUMACAO, demandados y recurrentes.

*Número:* R-62-204        *Resuelto:* 25 de noviembre de 1964

---

472

*J. B. Fernández Badillo, Procurador General,* abogado del Estado Libre Asociado, recurrente; *Faustino R. Aponte,* abogado de los recurridos.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Vuelve a nuestra consideración en este caso la cuestión de la responsabilidad del poseedor de un inmueble, del cual no es dueño, por los daños sufridos por una tercera persona debido a la existencia de un defecto en la propiedad. En los casos anteriores el poseedor era un arrendatario; en éste se

trata de un comodatario bajo la circunstancia especial de que el comodante reparaba la propiedad cuando el comodatario le notificaba la necesidad de tal reparación.

Según las determinaciones de hecho del tribunal de instancia, el Departamento de Instrucción Pública de Puerto Rico, allá para el 15 de enero de 1960 utilizaba una caseta de madera propiedad del Municipio de Humacao para dar alimentos y desayuno a los niños pobres de esa municipalidad. En la mañana de ese día, el menor José Antonio Ramos, hijo de los esposos recurridos, en el momento que penetraba en el patio de la caseta, donde iba a tomar su desayuno, fue atrapado al desplomarse parte de la cerca, muriendo como consecuencia de los golpes recibidos. Los cimientos de la cerca en cuestión estaban completamente podridos. Con anterioridad, a petición de empleados del referido departamento, el municipio reparó una ventana y una puerta de la mencionada caseta.

Es de presumir que la actividad de proveer desayuno infantil en la caseta en cuestión se llevaba a cabo bajo el programa de centros de desayuno infantil cubierto por el reglamento del mencionado departamento que se promulgó en 5 de junio de 1952 (18 R.&R.P.R. secs. 183–251 a 283).

El tribunal de instancia determinó que el municipio, al dejar de cumplir con su obligación de examinar la verja de la cual era dueño, y el Estado Libre Asociado al permitir la repartición de alimentos en una caseta cuya verja estaba en estado ruinoso, eran responsables del accidente que motivó la muerte del menor y los condenó a pagar solidariamente la suma de $10,000 por los daños y perjuicios ocasionados más las costas y $500 de honorarios. Denegamos el recurso de revisión radicado por el municipio y expedimos el que solicitó el Estado Libre Asociado.

El defecto en la verja de la caseta que ocasionó la muerte del menor no era aparente ni susceptible de descubrirse en el curso ordinario de la utilización de la propiedad

por el comodatario ni por una inspección ordinaria y razonable de aquélla por éste, pues se trataba de una verja que aparentaba estar en buen estado de conservación pero que de hecho tenía sus cimientos bajo tierra completamente podridos, según se estableció por la prueba oral. Así resulta de las fotografías admitidas en evidencia. ¿Puede decirse que en estas circunstancias incurrió el Estado Libre Asociado, a través de su Departamento de Instrucción Pública, en el incumplimiento de algún deber, de manera que tal incumplimiento constituyese negligencia y que ésta fuese la causa de la muerte del menor? Creemos que no, pues ni tenía el comodatario obligación alguna de reparar la propiedad ni pudo obtener conocimiento del defecto que le obligase a gestionar su pronta eliminación. La doctrina aplicable a este caso es la expuesta en *Vázquez* v. *Antuñano*, 61 D.P.R. 770 (1943), al efecto de que aun cuando una propiedad está bajo el absoluto control de un arrendatario, el arrendador es responsable de los daños sufridos por una tercera persona con motivo de un defecto en la propiedad en cualquiera de las siguientes circunstancias:

(1) el defecto pudo haber sido observado por el arrendatario mediante una inspección ordinaria y razonable y éste o cualquier otra persona dio aviso del mismo al arrendador y éste no lo corrigió;

(2) el arrendador no tuvo conocimiento previo del defecto pero éste era un defecto oculto, latente, no observable mediante una inspección ordinaria y razonable, basándose su responsabilidad en el incumplimiento de su obligación de acuerdo con lo dispuesto en los Arts. 1444 y 1807 del Código Civil en vigor (31 L.P.R.A. secs. 4051 y 5146).[1]

---

[1] Los referidos Arts. 1444 y 1807 del Código Civil en vigor disponen lo siguiente:

"El arrendador está obligado:

(1) A entregar al arrendatario la cosa objeto del contrato.

(2) A hacer en ella durante el arrendamiento todas las reparaciones

Así en *Cole* v. *Escambrón Development Co.*, 73 D.P.R. 520 (1952), impusimos responsabilidad tanto sobre el subarrendador como sobre el subarrendatario por los daños sufridos por un tercero al desplomarse un piso construido en parte sobre el mar, debido a que la causa del accidente fue el estado avanzado de deterioro de las vigas y pilotes que sostenían el piso, estado que existía cuando se llevó a cabo el subarrendamiento y el cual debió conocer el subarrendatario, pues la existencia de una larga grieta en el piso era observable de una inspección ordinaria y razonable y esto era indicio suficiente para que el subarrendatario investigara el estado de las referidas vigas y pilotes enclavados dentro del mar. La razón para imponer responsabilidad al arrendador en este caso, aunque no recibió aviso del defecto en cuestión, fue que ya éste existía cuando se arrendó la propiedad y que ésta estaba desde entonces en estado ruinoso. Se responsabilizó al arrendatario porque el defecto era observable de una inspección ordinaria y razonable y éste no cumplió con su obligación de notificar el defecto al arrendador. De manera que este caso se resolvió conforme a la doctrina previamente expuesta.

Nuestra conclusión en este caso tampoco es inconsistente con lo que resolvimos en *Simonpietri* v. *Blanco* v. *Lippitt & Simonpietri*, 74 D.P.R. 533 (1953). En *Simonpietri*, el subarrendatario de parte del segundo piso de un edificio demandó al dueño del inmueble por los daños sufridos al caerse por la escalera que conducía al espacio subarrendado. Dicho dueño obtuvo permiso para presentar demanda de tercero contra la

necesarias a fin de conservarla en estado de servir para el uso a que ha sido destinada.

(3) A mantener al arrendatario en el goce pacífico del arrendamiento por todo el tiempo del contrato.

(4) A suscribir y entregar al arrendatario un recibo por cada pago hecho por éste." Art. 1444.

"El propietario de un edificio es responsable de los daños que resulten de la ruina de todo o parte de él, si ésta sobreviniere por falta de las reparaciones necesarias." Art. 1807.

arrendataria. El accidente tuvo lugar al encajársele al sub-
arrendatario el tacón de un zapato "en la ranura existente
en una de las losetas de las huellas de la escalera" mientras
bajaba la misma, lo que le hizo perder el balance y le obligó
a torcer su cuerpo abruptamente. De una inspección ocular
se determinó que el defecto en cuestión consistía en "una
grieta irregular formada por el transcurso del tiempo percep-
tible si uno dirige fijamente su mirada a ella" y que "la
superficie de las losetas queda al nivel del brocal y no se nota
la grieta cuando uno pone de plano el pie entre la loseta y el
brocal; para notarse el desperfecto uno tiene que llevar fija-
mente la mirada a la hendidura, pues de lo contrario lo que
se ve es una línea negra al igual que en los demás escalones
donde existían grietas que han sido corregidas con cemento."
La prueba demostró que la arrendataria tenía el dominio
absoluto de la escalera y que jamás puso en conocimiento del
arrendador que en ésta existían defectos de clase alguna. El
arrendador esporádicamente utilizaba la escalera. Se declaró
sin lugar la demanda en cuanto al arrendador y se condenó
a la arrendataria a pagar los daños sufridos por el sub-
arrendatario. Al confirmar, dijimos que "si bien la prueba
demostró que el demandado [el arrendador] Blanco esporá-
dicamente utilizaba la escalera . . . como el defecto en la
escalera era latente, a él no puede imputársele conocimiento
implícito del mismo . . ." "Para que bajo las circunstancias
del presente caso al dueño de un edificio pudiera imputársele
negligencia, era necesario demostrar que él tenía conocimiento
del defecto existente en la escalera." Al señalar que la sub-
arrendataria en este caso tenía la obligación de notificar al
arrendador del defecto en cuestión, necesariamente tuvimos
que considerar que a los efectos de tal obligación el defecto
no era en realidad tan latente para la arrendataria que no
fuese observable de una inspección ordinaria y razonable.
Resolvimos que por ser el defecto latente, no tenía el sub-

arrendatario obligación alguna de notificarlo a la arrendataria en el carácter de subarrendadora que tenía con respecto a aquél, de manera que la subarrendadora no quedó relevada de su responsabilidad de hacer en la cosa arrendada todas las reparaciones necesarias para conservarla en estado de servir para el uso a que la misma se destinaba, según lo dispone el inciso 2 del Art. 1444 del Código Civil, *supra.* Por lo tanto, al así resolver, en efecto sostuvimos la doctrina de *Vázquez,* supra. Siendo la relación entre la subarrendadora y el subarrendatario la misma que entre un arrendador y un arrendatario, en realidad pudimos haber dictaminado que la subarrendadora había incumplido su obligación bajo la referida disposición, a pesar de no recibir aviso del defecto de parte del subarrendatario, debido a que ella *tenía en todo momento el dominio exclusivo de la escalera.* Bajo estas circunstancias no es necesario dar aviso del defecto, sea éste latente o susceptible de descubrirse mediante inspección. *Torres* v. *Fernández,* 56 D.P.R. 482 (1940).

*En vista de lo expuesto, se revocará la sentencia que condenó al Estado Libre Asociado a pagar solidariamente los daños, y se declarará sin lugar la demanda en cuanto a dicho demandado.*

El Juez Presidente Señor Negrón Fernández disintió.