Inés Rodríguez Otero, demandante y apelada, *v.* Ell Tee, Inc., y Great American Indemnity Co., demandadas y apelantes.

Núm. 8077.—*Sometido:* Mayo 6, 1940. *Resuelto:* Mayo 20, 1940.

*J. Valldejuli Rodríguez,* abogado de las apelantes; *E. Martínez Avilés,* abogado de la apelada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En 4 de octubre de 1938 Inés Rodríguez Otero instó demanda ante la Corte de Distrito de Arecibo contra Ell Tee, Inc. y la Great American Indemnity Co. El 19 del mismo mes y año, a instancias de la demandante, el secretario de la corte de distrito anotó la rebeldía de la demandada Ell Tee, Inc. De los autos en sí no se desprende qué pasos se dieron contra la Great American Indemnity Co. Sin embargo, en la opinión de la corte de distrito, emitida posteriormente, se expresa que en el momento del juicio la demandante desistió de la demanda contra la Great American Indemnity Co. Tal vez podríamos dar por sentado, y así lo dice la corte inferior, que en lo que a la Great American Indemnity Co. se refiere el pleito fué sobreseído.

El caso fué a juicio el 4 de noviembre de 1938 y el mismo día la corte dictó sentencia contra Ell Tee, Inc., por la suma de $600. En la demanda original se reclamaban $1,060.

En diciembre 3 de 1938 ambas demandadas acudieron ante la corte y radicaron un escrito que intitularon moción solicitando se deje sin efecto la sentencia, se levante la rebeldía anotada y se admita la contestación que se acompaña. Los autos que tenemos ante nos contienen la transcripción de evidencia del juicio celebrado con motivo del accidente que dió lugar a la reclamación de daños y perjuicios. Igualmente contienen la transcripción de la evidencia sobre la moción de las demandadas para que se deje sin efecto la sentencia, etc.

En 26 de enero de 1939 la corte declaró sin lugar la referida moción de la Ell Tee y de la Great American Indemnity Co. El 28 del mismo mes, es decir, dos días después de dictada la orden de la corte, las dos demandadas por mediación de sus letrados apelaron de la sentencia dictada por la corte inferior, así como de la resolución declarando sin lugar la moción para que se dejara sin efecto dicha sentencia.

Los procedimientos a que nos hemos referido fueron radicados ante este tribunal el 10 de octubre de 1939. Al siguiente día la demandante apelada radicó una moción para desestimar el recurso. Las demandadas se opusieron a la desestimación. El recurso fué visto el 12 de febrero de 1940. Esta moción fué declarada sin lugar por el tribunal sin perjuicio del derecho de la demandante a presentar otra, cosa que hizo el 22 de abril de 1940. El caso fué señalado de nuevo para el 6 de mayo de 1940.

La primera moción para desestimar se basaba en el supuesto fundamento de que la apelación fué interpuesta demasiado tarde y en que la misma era frívola. La segunda moción para desestimar se funda exclusivamente en que la apelación fué interpuesta tardíamente. Una de las ideas de la apelada es que la moción para dejar sin efecto la sentencia, radicada por las demandadas en 3 de diciembre de 1938, es una moción para reconsiderar la sentencia. Todos necesariamente convendrían en que la Great American Indemnity Co. no tendría derecho a radicar una moción de

reconsideración, puesto que ella no fué parte en el juicio ni en la sentencia de la Corte de Distrito de Arecibo. Cualquier moción presentada por la compañía de seguros necesariamente sería una actuación independiente para que se dejara sin efecto la sentencia, y como la otra demandada se unió a ella en la moción para dejar sin efecto la sentencia, dicha moción no puede considerarse sino como una dirigida a la discreción de la corte. Ha sido presentada, a nuestro juicio, de conformidad con el artículo 140 del Código de Enjuiciamiento Civil y, desde luego, si estamos en lo cierto en ese respecto, la moción puede ser radicada dentro del término de seis meses.

En lo que la demandante apelada se fundó fué en la Ley núm. 67 de 1937 (Leyes de 1936–37, pág. 199), que preceptúa que las mociones de reconsideración deben ser radicadas dentro de quince días. Creemos innecesario discutir con más amplitud la cuestión de si el recurso de apelación contra la sentencia fué interpuesto a tiempo o no por haberse apelado también de la orden negándose a dejar sin efecto la referida sentencia. La acción conjunta o individual de ambas demandadas al apelar fué dirigida contra la referida orden y archivada dos días después. Es claro que la Ell Tee, Inc. tendría derecho a apelar de la orden de la corte de distrito negándose a dejar sin efecto la sentencia.

██ La posición de la Great American Indemnity Co. es algo distinta. Sin embargo, de conformidad con la sección 175 de la Ley de Seguros de Puerto Rico (Código de Comercio de Puerto Rico, ed. 1932, págs. 484, 582) la acción de daños y perjuicios podrá presentarse conjuntamente contra el asegurado y la compañía aseguradora. Probablemente es cierto, según insiste la apelada, que ésta o estas apelaciones han sido en realidad interpuestas por la compañía de seguros. La apelada llama además nuestra atención hacia el hecho de que no existe una sentencia contra la compañía de seguros; y a que ella podría defenderse de un pleito interpuesto por Ell Tee, Inc. debido al hecho de que esta última,

conforme exigía la póliza, no notificó a la Great American Indemnity Co. del pleito instruído contra la referida Ell Tee, Inc. Hasta cierto punto la apelada está en lo correcto, mas por otra parte, cuando se hace que una compañía de seguros responda de una sentencia dictada contra una persona que ella ha asegurado, no es cosa inusitada que tal compañía apele a la discreción de la corte y le permita defenderse por haber sido demandada, o de no poderse hacer esto, que le autorice a intervenir en el caso a fin de que se ventilen todos los derechos de las partes en un solo litigio. Tenemos la idea de que si el recurso se hubiera interpuesto tan sólo contra Ell Tee, Inc., la Great American Indemnity Co. hubiese tenido derecho a intervenir, alegando estar interesada en el resultado del litigio. Por tanto, la moción por ésta radicada en diciembre 3 de 1938, de no estar por otro lado la demandada debidamente ante la corte, podría considerarse en cuanto a ella como una moción de intervención. Además, creemos que de haber alguna duda a este respecto la discreción de la corte inferior pudo, si es que se iba a ejercitar en alguna forma, haberse ejercido en favor de la demandada Ell Tee, Inc. para permitir más tarde que la Great American Indemnity Co. interviniera.

En su orden declarando sin lugar la moción para desestimar la corte inferior se refiere al hecho de que la reclamación entablada contra la Ell Tee, Inc. era enteramente clara. Es raro que tal manifestación pudiera determinarse como cierta de manera definitiva, cuando ninguna de las dos demandadas fué en realidad oída por la corte.

Hemos tocado estas cuestiones sin penetrar demasiado en el ejercicio de la discreción por la corte inferior. No obstante, a nuestro juicio, este caso fué uno en que la corte de distrito tenía absoluta discreción para reabrirlo y permitir a la Great American Indemnity Co. que interviniera. En la apelación en sus méritos puede decidirse si la corte abusó o no de su discreción al negarse a abrir el caso de nuevo.

*Debe declararse sin lugar la moción para desestimar.*