INÉS RODRÍGUEZ OTERO, demandante y apelante, *v.* GREAT AMERICAN INDEMNITY COMPANY, demandada y apelada.

Núm. 8799.—*Sometido:* Marzo 9, 1944. *Resuelto:* Mayo 5, 1944.

606

*E. Martínez Avilés,* abogado de la apelante; *Hugh R. Francis,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este pleito tuvo su origen en un accidente de automóvil ocurrido en Arecibo el 28 de julio de 1938, en el cual perdió la vida Enriqueta Rodríguez. Poco tiempo después, Inés Rodríguez, hermana de la víctima, instó una acción en la Corte de Distrito de Arecibo contra Ell Tee Inc., a cuyos servicios se hallaba el auto truck que causó la muerte, el cual era guiado en aquellos momentos por un empleado de dicha corporación. Fué acumulada como demandada la Great American Indemnity Company, como aseguradora del vehículo, pero no habiendo sido emplazada, al llamarse a la vista del juicio en rebeldía contra Ell Tee Inc., la demandante desistió de su acción contra la aseguradora y siguió el juicio contra Ell Tee Inc., recayendo sentencia a favor de la deman-

dante. En apelación la sentencia fué revocada por este tribunal porque la demanda no aducía hechos constitutivos de causa de acción, toda vez que no alegaba que la demandante fuese la única heredera de Enriqueta Rodríguez. *Rodríguez v. Ell Tee, Inc.*, 57 D.P.R. 948. Devuelto el caso a la Corte de Distrito de Arecibo para ulteriores procedimientos, la demanda fué enmendada de conformidad con la sentencia de este tribunal, y de nuevo la Great American Indemnity Company fué acumulada como demandada. Excepcionó ésta la demanda enmendada por el fundamento de que la demandante voluntariamente había desistido de su acción contra ella, y de que de permitirse la acumulación equivaldría ello a traer al pleito una nueva parte mediante una enmienda a la demanda. La excepción fué sostenida y, enmendada una vez más la demanda, continuó el caso contra Ell Tee, Inc. solamente, recayendo sentencia en rebeldía el 4 de agosto de 1942 condenando a la demandada Ell Tee, Inc. a pagar a la demandante la cantidad de seiscientos dólares por concepto de daños y perjuicios y las costas, incluyendo ciento cincuenta dólares para honorarios de abogado. Firme esta sentencia y alegando la demandante no haberla hecho efectiva por carecer Ell Tee, Inc. de propiedades en Puerto Rico, dentro del año de ser firme la ameritada sentencia instó este pleito en la Corte de Distrito de San Juan contra la Great American Indemnity Company, como aseguradora, en cobro de la aludida sentencia.

Contestó la demandada negando haber extendido póliza alguna a favor de Ell Tee, Inc. Negó también ciertas admisiones que se le imputaban en la demanda y como materia de defensa alegó que la acción estaba prescrita y que la demanda no aducía hechos constitutivos de causa de acción. A base de una moción de *nonsuit* la demanda fué desestimada, y contra esa sentencia se interpuso el presente recurso.

Es un hecho alegado por la propia demandante que al ocurrir el accidente el auto truck era guiado por un em-

pleado de Ell Tee, Inc., y que hacía tiempo que dicha compañía venía utilizando el vehículo para la transportación de materiales y trajes de niños producidos por ella. Y es cierto que el referido vehículo se hallaba registrado a nombre de Louis Tuttman, y que la póliza fué expedida por la Great American Indemnity Company a favor de aquél.

Si como resulta de las alegaciones y de la prueba el auto truck estaba al servicio de Ell Tee, Inc., y era guiado por un empleado de ella en el momento del accidente, es evidente que Louis Tuttman no es responsable del accidente, y consecuentemente tampoco lo sería su aseguradora la demandada Great American Indemnity Company (*cf. Pérez Mercado* v. *Picó,* ante, pág. 401, resuelto el 12 de abril de 1944) a menos que la demandante pruebe que Louis Tuttman era dueño—no uno de los dueños, como se alegó en la demanda—de la corporación Ell Tee, Inc., y que entre él y ésta existía tal identidad de interés y propiedad, que la persona natural y la persona jurídica se hallaban de tal forma confundidas que el sostener la ficción de dos entidades distintas equivaldría a sancionar fraude o injusticia. *Swiggett* v. *Swigget, Inc.,* 55 D.P.R. 76. Pero en el presente caso, si bien la demandante —aunque de manera imperfecta—trató de alegar esa identidad de interés entre Louis Tuttman y Ell Tee, Inc., la demandada la negó y la demandante no ofreció prueba directa a ese efecto, tratando de sostener su alegación a base de una supuesta admisión en la contestación y de cierta conducta de la demandada que a juicio de la demandante la pone en *estoppel* de negar su responsabilidad como aseguradora.

La supuesta admisión está predicada en las alegaciones de los párrafos 2 y 6 de la demanda enmendada y en las de los párrafos correlativos de la contestación.

Los párrafos 2 y 6 de la demanda dicen así:

''2. Allá para el día 28 de julio de 1938, Louis Tuttman, en su carácter de principal incorporador y dueño de Ell Tee Inc., una corporación que se dedicaba única y exclusivamente a la explotación

de la industria de la aguja, con establecimientos en Arecibo y otros pueblos de la isla, tenía asegurada contra daños a tercera persona con la compañía aquí demandada, un auto truck marca Ford, tablillas de Puerto Rico para aquella fecha, H 541, vehículo que dicho Louis Tuttman dedicaba exclusivamente a la conducción de tejidos y ropa pertenecientes a Ell Tee Inc., *corporación de la cual era su principal dueño."* (Bastardillas nuestras.)

"6. Alegando la aquí demandada que tenía interés en el caso *por ser la que en última instancia vendría obligada a pagar la sentencia que se dictara contra Ell Tee Inc., en su carácter de aseguradora de ésta,* solicitó de la Corte de Distrito, a nombre de Ell Tee Inc. y de la aquí demandada Great American Indemnity Co., que se reconsiderara la sentencia, y habiendo denegado la Corte dicha moción, apeló de la resolución y de la sentencia, la aquí demandada, para ante la Hon. Corte Suprema de Puerto Rico (56 D.P.R. 749-958; 57 D.P.R. 948)." (Bastardillas nuestras.)

En los párrafos correlativos de la contestación se alega:

"2. En cuanto a la alegación en el párrafo 2 de la demanda enmendada al efecto de que el día 28 de julio de 1938 un tal Louis Tuttman tenía asegurado contra daños a terceras personas cierto auto truck marca Ford, tablilla de Puerto Rico para aquella fecha H 541, la demandada niega que en dicha fecha o en cualquiera otra fecha había algún auto truck o cualquiera otro vehículo asegurado por la demandada contra daños a terceras personas, sino que la demandada alega que todos los seguros que tengan relación a algún vehículo de motor se expiden para asegurar la responsabilidad de una persona determinada en relación a dicho vehículo pero nunca se expide una póliza para asegurar un vehículo en sí; *aunque admite la demandada que en la fecha mencionada Louis Tuttman tenía una póliza de seguro con la demandada Great American Indemnity Company en relación a cierto vehículo de motor 'Panel Delivery,' marca Ford,* la demandada no tiene información o creencia suficiente para contestar la alegación de que dicho vehículo de motor era el auto truck a que se refiere el párrafo 2 de la demanda; *en cuanto a la alegación de que Louis Tuttman era el principal incorporador y dueño de Ell Tee Inc. la demandada no tiene información o creencia suficiente para poder contestar dicha alegación y por tal motivo la niega; . . . en cuanto a la alegación en dicho párrafo 2 al efecto de que fué en su carácter de principal incorporador y dueño de Ell Tee, Inc. que Louis Tuttman tenía asegurado contra daños a terceras personas con*

*la demandada el vehículo de que se trata en la demanda, la demandada niega dicha alegación;* que en cuanto a la alegación en dicho párrafo al efecto de que el repetido Louis Tuttman dedicaba el vehículo en cuestión exclusivamente a la conducción de tejidos y ropa pertenecientes a Ell Tee, Inc. la demandada no tiene información o creencia suficiente para poder contestar dicha alegación y por tal motivo la niega; *que en cuanto a la alegación en dicho párrafo al efecto de que Louis Tuttman era el principal dueño de la corporación Ell Tee, Inc., la demandada niega tal alegación.*'' (Bastardillas nuestras.)

''6. En cuanto a lo alegado en el párrafo 6 de la demanda enmendada al efecto de que la demandada solicitó de la Corte de Distrito a nombre de Ell Tee, Inc. y de la misma demandada que se reconsiderara una sentencia dictada en el caso mencionado en los dos párrafos anteriores, la demandada niega que la demandada solicitó de la Corte de Distrito a nombre de Ell Tee, Inc., tal reconsideración o cualquiera otra cosa, sino que alega la demandada que el abogado de Ell Tee, Inc. y el abogado de la demandada, que era el mismo abogado, solicitó a nombre de los dos que se dejase sin efecto una sentencia dictada en rebeldía en el repetido caso; y admite la demandada que la Corte de Distrito de Arecibo denegó dicha moción, la cual fué apelada para ante la Corte Suprema de Puerto Rico, por Ell Tee, Inc. y la demandada Great American Indemnity Company. *Niega la demandada que la demandada alegó que tenía interés en el caso por ser la que en última instancia vendría obligada a pagar la sentencia que se dictara contra Ell Tee, Inc., en su carácter de aseguradora de ésta.*'' (Bastardillas nuestras.)

Una mera lectura de las alegaciones de la demanda y de las correlativas de la contestación demuestra que no existe la supuesta admisión.

■ En lo que al *estoppel* respecta, es cierto que la demandada sostuvo conversaciones con la demandante a fin de transigir el caso mediante cierta compensación que habría de pagarle la compañía aseguradora, pero como muy acertadamente expresa el juez de la corte inferior:

''Si bien consta en la evidencia documental prueba de que demandante y demandada conversaron sobre transacción del caso de Ell Tee, Inc., y hasta llegó a mencionarse una suma, no puede surtir efecto de admisión comprometedora, pues ya sabemos que la prueba

a ese respecto no puede ni debe tener tal alcance. La demandada en este caso pudo tener interés en transigirlo por la sencilla razón de que, no obstante no ser aseguradora de Ell Tee Inc., lo era de Louis Tuttman, dueño éste del vehículo motivante del accidente, y nada impedía que pudiera enmendarse la demanda incluyendo a su cliente, o que pudiera presentarse una nueva demanda, no teniendo necesidad de esperar que surgiera el momento si entonces tenía la oportunidad de abreviar, evitándose mayores consecuencias, pero en manera alguna puede interpretarse su actitud como determinante de una admisión de responsabilidad, que nunca predicó.''

■ Tampoco tiene razón la demandante al pretender hacer responsable a la ahora demandada de no haber podido hacer efectiva su sentencia contra Ell Tee, Inc. Esta contención de la demandante está predicada en los siguientes hechos: obtenida la primera sentencia contra Ell Tee, Inc., la demandante, basándose en ella, solicitó y obtuvo el embargo de la cantidad de setecientos dólares que la entonces demandada tenía en un banco de Arecibo. Ell Tee, Inc. levantó el embargo mediante fianza que al efecto prestó la Great American Indemnity Company; pero al ser apelada y revocada la sentencia por este Tribunal, *Rodríguez* v. *Ell Tee, Inc.*, supra, la compañía de fianzas solicitó se cancelase la que había prestado para levantar el embargo, toda vez que éste había sido trabado a base de una sentencia que dejó de existir al ser revocada por este tribunal. Considerada dicha circunstancia, la Corte de Distrito de Arecibo actuó correctamente al ordenar la cancelación de la fianza que había sido prestada para levantar el embargo. Consecuentemente, la Great American Indemnity Company no es responsable de que después de disuelto el embargo la demandante no hubiese podido encontrar bienes de Ell Tee, Inc. en los cuales pudiera hacer efectiva su sentencia.

*Procede por lo expuesto la confirmación de la sentencia.*